1  PAUL HASTINGS LLP
   ELENA R. BACA (SB# 160564)
2  elenabaca@paulhastings.com
   RYAN D. DERRY (SB# 244337)
3  ryanderry@paulhastings.com
   515 South Flower Street, 25th Floor
4  Los Angeles, CA 90071-2228
   Telephone: (213) 683-6000
5  Facsimile: (213) 627-0705

6  Attorneys for Defendants
   VIACOM INC. and BLACK
7  ENTERTAINMENT TELEVISION LLC

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

12 ZOLA MASHARIKI,                    CASE NO. 2:17-cv-03366 PSG (ASx)

13         Plaintiff,                 **DEFENDANT BLACK
                                       ENTERTAINMENT TELEVISION**
14    vs.                             **LLC'S MEMORANDUM OF
                                       POINTS AND AUTHORITIES IN**
15 VIACOM INC.; BLACK                 **SUPPORT OF ITS MOTION TO**
   ENTERTAINMENT TELEVISION,          **DISMISS PURSUANT TO**
16 LLC; Stephen Hill, and DOES 1 through **FEDERAL RULE OF CIVIL**
   50, inclusive,                     **PROCEDURE 12(b)(6)**
17
           Defendants.               Date:   July 17, 2017
18                                    Time:   1:30 p.m.
                                      Place:  Courtroom 6A
19                                    Judge:  Hon. Philip S. Gutierrez
20                                    Complaint filed: May 3, 2017
21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION AND FACTUAL BACKGROUND ................................. 1

II.   RULE 8 REQUIRED MASHARIKI TO PLEAD FACTS
      DEMONSTRATING PLAUSIBLE CLAIMS AGAINST BET ................... 3

III.  MASHARIKI'S COMPLAINT MUST BE DISMISSED BECAUSE
      IT IS LITTLE MORE THAN "SHOTGUN PLEADING" ......................... 4

IV.   MASHARIKI'S SECOND, EIGHTH, AND EIGHTEENTH CLAIMS
      SHOULD BE DISMISSED FOR ADDITIONAL REASONS ..................... 6

      A.   Mashariki Cannot Assert A Claim Against Hill Under Her
           Second and Eighth Claims For Relief .................................... 6

      B.   Mashariki's Fails To State A Legally Viable Claim of
           Defamation ................................................................... 6

           1.   The "Statements" Described In Paragraphs 57, 70, 72 and
                207 Are Too Vague To Be Actionable As Defamation ............ 7

           2.   The Statements Described In Paragraphs 68 and 71,
                Stating Mashariki Was Leaving BET, Are Not Actionable
                As The Complaint Demonstrates That, When Made, They
                Were True ................................................................ 9

           3.   Mashariki's Defamation Claim Further Fails Because She
                Has Not Pled Facts Demonstrating Any Statement Was
                Made With Malice .................................................... 10

      C.   Mashariki's Deficient Second, Eighth, and Eighteenth Claims
           For Relief Should Be Dismissed Without Leave to Amend .............. 13

V.    CONCLUSION ............................................................... 15

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Ampex Corp. v. Cargle,*
5
   128 Cal. App. 4th 1569 (2005)................................................................. 11

6

*Ashcroft v. Iqbal,*
7
   556 U.S. 662 (2009) ......................................................................... 3, 4

8

*Associated Gen. Contractors of Cal., Inc. v. Carpenters,*
9
   459 U.S. 519 (1983) ............................................................................ 14

10

*Bell Atl. Corp. v. Twombly,*
11
   550 U.S. 544 (2007) ..................................................................... 3, 4, 14

12

*Destfino v. Kennedy,*
   No. CV-F-08-1269 LJO DLB, 2009 WL 63566 (E.D. Cal. Jan. 8,
13
   2009)........................................................................................... 5

14

*EEOC v. La Rana Hawaii,*
15
   LLC, 888 F. Supp. 2d 1019 (D. Haw. 2012)........................................ 5

16

*Eminence Capital LLC v. Aspeon, Inc.,*
17
   316 F.3d 1048 (9th Cir. 2003) ............................................................ 13

18

*Foman v. Davis,*
19
   371 U.S. 178 (1962) ............................................................................ 14

20

*United States ex rel. Fryberger v. Kiewit Pac. Co.,*
21
   41 F. Supp. 3d 796 (N.D. Cal. 2014).................................................. 9

22

*Gilbert v. Sykes,*
   147 Cal. App. 4th 13 (2007).............................................................. 12

23

*Jacobson v. Schwarzenegger,*
24
   357 F. Supp. 2d 1198 (C.D. Cal. 2004).............................................. 7

25

*Janken v. GM Hughes Elecs.,*
26
   46 Cal. App. 4th 55 (1996)................................................................. 6

27

*Kottle v. Northwest Kidney Ctrs.,*
28
   146 F.3d 1056 (9th Cir. 1998)............................................................ 12

- ii -

# <u>TABLE OF AUTHORITIES</u>

(continued)

**Page**

*Makaeff v. Trump Univ., LLC*,
  715 F.3d 254 (9th Cir. 2013) .......................................................................... 10, 13

*McGarry v. Univ. of San Diego*,
  154 Cal. App. 4th 97 (2007) .............................................................................. 11

*Miller v. Maxwell Int'l, Inc.*,
  991 F.2d 583 (9th Cir. 1993) ............................................................................... 6

*Nicosia v. De Rooy*,
  72 F. Supp. 2d 1093 (N.D. Cal. 1999)............................................................... 12

*PAI Corp. v. Integrated Sci. Sols., Inc.*,
  No. C-06-5349 JSW (JCS), 2007 WL 1229329 (N.D. Cal. Apr. 25,
  2007)..................................................................................................................... 7

*Reader's Digest Association v. Superior Court*,
  37 Cal.3d 244 (1984) ......................................................................................... 11

*Richardson v. HRHH Gaming Senior Mezz, LLC*,
  99 F. Supp. 3d 1267 (D. Nev. 2015) ................................................................... 9

*Roe v. Doe*,
  No. C 09-0682 PJH, 2009 U.S. Dist. LEXIS 59440 (N.D. Cal., Jun.
  20, 2009)............................................................................................................. 12

*Rudnick v. McMillan*,
  25 Cal. App. 4th 1183 (1994) ............................................................................ 12

*Saul v. United States*,
  928 F.2d 829 (9th Cir. 1991) ............................................................................. 13

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*,
  806 F.2d 1393 (9th Cir. 1986) ........................................................................... 13

*Smith v. Maldonado*,
  72 Cal. App. 4th 637 (1999) ................................................................................ 7

# <u>TABLE OF AUTHORITIES</u>

(continued)

**Page**

*Sollberger v. Wachovia Securities, LLC*,
   No. SACV 09-0766 AG (ANx), 2010 WL 2674456 (C.D. Cal. Jun.
   30, 2010) ...................................................................................................... 4, 5

**Statutes**

Cal. Civ. Code
   § 45 ................................................................................................................... 7, 9
   § 46 ................................................................................................................... 7, 9
   § 47(c) ................................................................................................................. 10

**Other Authorities**

Fed. R. Civ. P.
   R. 8 ......................................................................................................................... 3
   R. 12(b)(6) ............................................................................................................. 3

## I.     INTRODUCTION AND FACTUAL BACKGROUND[1]

No one has treated Plaintiff Zola Mashariki ("Mashariki") unfairly, let alone unlawfully.  For over thirty-five years, BET® has shared with the world the culture, strength, varied experiences, and stories of the Black community through its television, online, and mobile platforms.  For more than a decade, Debra Lee (Chairman and CEO of Defendant Black Entertainment Television LLC ("BET")) has been at its helm, leading an executive team largely comprised of women and persons of color.  Lee's and BET's commitment to providing opportunities and advancement to women is long-standing and real.[2]  BET, with the support of Lee, offered Mashariki a contract as BET's Executive Vice President and Head of Original Programming ("BET-EVP Contract").  *See* Dkt. No. 1 at ¶ 24.  BET, with the support of Lee, gave Mashariki an opportunity to work in television, despite Mashariki's prior experience being *solely* in the production of feature films, not episodic television.  *Id.* at ¶ 4.

By Mashariki's own admission, her time at BET was tumultuous; peers and subordinates complained about Mashariki's behavior and management style which led BET to propose that Mashariki work with a professional coach.[3]  *Id.* at ¶¶ 9, 44 and 46.  Lee needed an effective leader for BET's Original Programming; she came to realize that Mashariki was not that person.  Lee elected to exercise BET's right to end the BET-EVP Contract before its natural term.  Before Lee could meet with Mashariki to communicate her decision, Mashariki left work and, eventually, began a leave of absence.

---

[1] For the purposes of this Motion, where relevant, BET accepts, as "true", Mashariki's factual allegations.  Nonetheless, BET adamantly denies that anyone treated Mashariki unlawfully, including Defendant Stephen Hill.

[2] *See, e.g.* Request for Judicial Notice dated May 30, 2017, filed concurrently herewith ("RJN"), Ex. A (*BET Networks' Leading Women Defined Summit*, established and led by Lee) *available at* http://www.bet.com/topics/l/leading-women-defined.html.

[3] One BET employee who worked for Mashariki retained an attorney and accused Mashariki of pregnancy discrimination.

BET'S POINTS AND AUTHORITIES ISO
MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(b)(6)

On February 28, 2017, the day before Mashariki's scheduled return-to-work date, Mashariki was informed (through her counsel) that her employment was being terminated and she need not report to work the next day.  Dkt. No. 1 at ¶ 63.  During the ensuing discussions, Mashariki's lawyer said that Mashariki had planned to extend her leave to April 11, 2017; out of compassion and empathy, BET said it would therefore make the *effective date* of the termination April 11, 2017.  *See* Dkt. No. 1 at 16 FN 1, ¶ 66.  The BET-EVP Contract contemplated a 60 day period following termination during which health benefits and salary continued and Mashariki could consider whether to execute a standard separation and general release agreement in the form that was attached to the BET-EVP Contract.

One month later, on March 29, 2017, Lee announced in two internal communications that Stephen Hill, President of Programming (and Mashariki's supervisor), had resigned; in the interim his duties would be assumed by Connie Orlando, a female senior executive at BET.  Dkt. No. 1 at ¶¶ 67-68.  Lee also mentioned in one of those communications that Mashariki "will also be departing the network."  *Id.*  Inexplicably, Mashariki sent dozens of BET employees a deceptive, if not dishonest, email:  despite having received notice February 28, 2017 and multiple communications thereafter that her BET-EVP Contract and employment was terminated, Mashariki implied to the world that she was, in fact, still employed by BET and would be returning to her position following her medical leave.  *Id.* at ¶ 70.  The confusion Mashariki's email caused, accompanied by her lawyer's statements to the press, triggered an alleged "media storm" and required BET to respond.  *Id.* at ¶¶ 72; *see, e.g.*, Request for Judicial Notice ("RJN") Ex. B.

Mashariki then sued—filing a complaint designed more with an eye towards securing press coverage than framing legally cognizable claims.  The Complaint is filled with inflammatory argument and unsupported legal conclusion.  For example, Mashariki claims BET, under Debra Lee's leadership, fosters a "good old boys'

club" and "misogynistic culture [that] oppresses women in the workplace." Dkt. No. 1 at 8:14, ¶ 29. Mashariki included rumors and sensational descriptions of alleged events that do not appear to relate to any of her listed eighteen claims. For example, Mashariki describes an unidentified female co-worker as being "in a 'dark place,'" and another unidentified female co-worker who purportedly told Mashariki that Hill's micromanaging felt as though Hill was "'keeping his boot on the back of her neck.'" *Id*. at ¶¶ 33, 52. Worse still, Mashariki conflates parties and, within her claims, does little more than list the legal elements. Ultimately, Mashariki places this Court—and BET—in the impermissible position of not actually knowing what the alleged factual basis is for her eighteen claims, or whether they can be validly stated.

Accordingly, BET moves to dismiss the entire complaint, with its "shotgun pleading." BET also requests that three other claims be dismissed with prejudice because two that are asserted against BET's former executive, Hill, cannot be asserted against him as a matter of law; and, as for the eighteenth claim, Mashariki has not and will not be able to state a legally cognizable claim for defamation.

## II.   RULE 8 REQUIRED MASHARIKI TO PLEAD FACTS DEMONSTRATING PLAUSIBLE CLAIMS AGAINST BET

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. In reviewing a motion to dismiss under Rule 12(b)(6), a court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

However, to survive a challenge to the legal sufficiency of the claims under Rule 12(b)(6), a plaintiff must allege "more than labels and conclusions." *Twombly*, 550 U.S. at 555. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). Naked assertions

1 devoid of further factual enhancement or "threadbare recitals of the elements of a

2 claim for relief, supported by mere conclusory statements," are insufficient to

3 survive a motion to dismiss. *Id.* at 663. Instead, a plaintiff's factual allegations

4 must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 556,

5 570.

6 **III.   MASHARIKI'S COMPLAINT MUST BE DISMISSED BECAUSE IT**
  **IS LITTLE MORE THAN "SHOTGUN PLEADING"**

7

8          Beyond containing sufficient factual allegations, a complaint must also

9 demonstrate clarity regarding the interplay of factual allegations, the respective

10 claims for relief, and alleged wrongdoer.

11         Courts in the Ninth Circuit are intolerant of what has been colloquially

12 termed "shotgun pleadings." Such offending pleadings are "where the plaintiff

13 recites a collection of general allegations toward the beginning of the Complaint,

14 and then 'each count incorporates every antecedent allegation by reference [.]'").

15 *Sollberger v. Wachovia Securities, LLC*, No. SACV 09-0766 AG (ANx), 2010 WL

16 2674456, at *4 (C.D. Cal. Jun. 30, 2010) (citations omitted). Courts have found

17 them "unacceptable", in that they "overwhelm defendants with an unclear mass of

18 allegations and make it difficult or impossible for defendants to make informed

19 responses to the plaintiff's allegations." *Id.*

20         Imprecision results in uncertainty regarding each claim—unfairly limiting

21 defendants' and the court's ability to adjudicate (much less, understand) the issues

22 before it:

23                  Simply put, then, the problem with a shotgun pleading is
                    that it prevents the parties and the court from
24                  understanding what the case is really about because the
                    pleadings are cluttered with irrelevant and unrelated facts.
25                  The consequence is that discovery becomes a fool's
                    errand in which parties seek out facts relating to claims
26                  whose parameters are so fuzzy, amorphous and ill-defined
                    as to be utterly indeterminate.
27

28

1   *Destfino v. Kennedy*, No. CV-F-08-1269 LJO DLB, 2009 WL 63566 at *6 (E.D.
2   Cal. Jan. 8, 2009) (citations omitted).

3       Here, Mashariki does precisely that.  The first 19 pages of the Complaint (75
4   paragraphs to be precise) purport to provide the factual support of each of
5   Mashariki's eighteen claims.  *See generally* Dkt. No. 1.  The initial paragraph in
6   each claim then states: "Ms. Mashariki re-alleges and incorporates by each and
7   every allegation in this Complaint as if fully set forth herein." *See, e.g.,* Dkt. No. 1,
8   at ¶¶ 76, 85, 94.  What then follows is little more than the legal elements of each
9   claim.  *See, e.g*., Dkt. No. 1, at ¶¶ 77-78, 86-89, 95-103.  As a result, it is unclear
10   from her Complaint which allegation(s) is/are intended to support which claim(s)
11   for relief.

12       Mashariki compounds the confusion—likely to mask the fact that Viacom
13   has been improperly joined—by conflating Viacom and BET (collectively referring
14   to both as "the Company") throughout the Complaint.  *See, e.g*., Dkt. No. 1 at ¶ 3
15   ("[T]he Company unlawfully terminated Ms. Mashariki . . ."); ¶ 27 ("[T]he
16   Company has discriminated and retaliated against her . . ."); ¶ 35 ("The Company
17   also denied . . .").

18       Mashariki, impermissibly, has made it impossible to discern the alleged
19   misconduct of each party, as required.  *See Sollberger*, 2010 WL 2674456 at *4
20   (explaining improper use of the omnibus term 'Defendants,' without identifying
21   specific alleged wrongs); *EEOC v. La Rana Hawaii*, LLC, 888 F. Supp. 2d 1019,
22   1046 (D. Haw. 2012) ("[T]he majority of the Complaint refers collectively to
23   'Defendants' without distinction between the two parties. . . .  [Plaintiff] must
24   allege specifically what wrongdoing it is assigning to each Defendant.").  No one
25   should have to guess.  Indeed, due process compels that Mashariki provide
26   sufficient notice of what facts she contends support her claims as to each of the
27   named Defendants.  Accordingly, while certain claims should be dismissed with
28

1   prejudice (as discussed below), at a minimum, Mashariki should be required to

2   eliminate the imprecision and guesswork required by her present Complaint.

3   **IV.   MASHARIKI'S SECOND, EIGHTH, AND EIGHTEENTH CLAIMS**
      **SHOULD BE DISMISSED FOR ADDITIONAL REASONS**

4

5          Setting aside, momentarily, that the current pleading fails to provide

6   sufficient notice of her alleged claims, Mashariki's second claim (for hostile work

7   environment based on sex under Title VII) and eighth claim for (for gender

8   discrimination under the California Fair Employment and Housing Act ["FEHA"])

9   as asserted against Hill, and eighteenth claim as asserted against Viacom and BET

10  (for defamation) should be dismissed with prejudice on other grounds.

11        **A.   Mashariki Cannot Assert A Claim Against Hill Under Her Second**
           **and Eighth Claims For Relief**

12

13         Although BET's former executive (and Mashariki's former supervisor), Hill,

14  has not yet appeared, Mashariki has asserted claims against him, individually, in her

15  second claim for relief alleging hostile work environment under Title VII and

16  eighth claim for relief alleging gender discrimination under FEHA.  *See* Dkt. No. 1

17  at 21:24-26 ("Count II"); 26:22-24 ("Count VIII").

18         Hill, an individual, cannot be liable for a violation of Title VII.  *See, e.g.*,

19  *Miller v. Maxwell Int'l, Inc.*, 991 F.2d 583, 587 (9th Cir. 1993) (holding no

20  individual liability under Title VII).  Nor can he be held liable for gender

21  discrimination under FEHA.  *See Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55

22  (1996) (holding that a plaintiff cannot assert a claim for gender discrimination

23  under FEHA against an individual employee supervisor).

24         Accordingly, as a matter of law, Hill should be dismissed with prejudice

25  from the second and eighth claims for relief.

26        **B.   Mashariki's Fails To State A Legally Viable Claim of Defamation**

27         In her eighteenth claim for relief, Mashariki contends BET defamed her.  *See*

28  Dkt. No. 1 at ¶¶ 206-212.  Defamation requires that Mashariki plead facts showing

1    that someone authorized to speak on behalf of BET:  (i) intentionally published

2    (ii) a statement of fact (iii) that is false, (iv) unprivileged, and (v) "has a natural

3    tendency to injure or which causes special damage."  *Smith v. Maldonado,* 72 Cal.

4    App. 4th 637, 645 (1999); *see also* Cal. Civ. Code §§ 45, 46.

5            In Paragraph 207, Mashariki appears to premise her defamation claim on

6    BET's alleged statements to the press "that Ms. Mashariki's March 30, 2017 email

7    to her team misrepresented the facts and were without merit."  Dkt. No. 1 at ¶ 207.

8    Paragraph 206, the first paragraph listed in her defamation claim, however, also

9    incorporates *every other paragraph in the Complaint*.  *See* Dkt. No. 1 at ¶ 206.  In

10   so doing, it becomes anyone's guess whether the defamation statement is solely

11   within Paragraph 207 or something found in the other 211 paragraphs of

12   Mashariki's Complaint.

13           BET has combed through the Complaint.  At best, it finds another five

14   statements that Mashariki claims are untrue and, thus, may (or may not) be

15   incorporated into her defamation claim.  Regardless of whether she intended to rely

16   on one or all of them, none states an actionable claim of defamation.

17                    **1.    The "Statements" Described In Paragraphs 57, 70, 72 and**
18                    **207 Are Too Vague To Be Actionable As Defamation**

19           A defamation claim cannot be premised on an ambiguous alleged statement:

20   "[A]lthough a plaintiff need not plead the allegedly defamatory statement verbatim,

21   the allegedly defamatory statement must be specifically identified, and the plaintiff

22   must plead the substance of the statement."  *Jacobson v. Schwarzenegger*, 357 F.

23   Supp. 2d 1198, 1216 (C.D. Cal. 2004).  A plaintiff must also "specifically identify

24   who made the statements, when they were made and to whom they were made."

25   *PAI Corp. v. Integrated Sci. Sols., Inc*., No. C-06-5349 JSW (JCS), 2007 WL

26   1229329, at *9 (N.D. Cal. Apr. 25, 2007).

27           Of the six alleged statements that Mashariki may be relying on for her

28   defamation claim, four are too vague to be actionable.  Mashariki alleges:

| Paragraph 57 | "Upon information and belief  . . . a senior BET executive defamed Ms. Mashariki by telling employees that she was 'faking' her condition. . . . these untrue and defamatory comments were rampant throughout the Company."  Dkt. No. 1 at ¶ 57. |
|---|---|
| Paragraph 70 | "In response to press inquiries about Ms. Mashariki's email, the Company commented that, 'These claims misrepresent the facts and are without merit.  We strongly deny any allegation of wrongdoing.  In addition, we will not comment on specific employee matters.'  Carlos Greer, *Exec shake-up at BET is 'next-level crazy',* Page Six, March 31, 2017."  Dkt. No. 1 at ¶ 70. |
| Paragraph 72 | "In the media storm that ensued, several anonymous 'insiders' made comments to the press that supported the Company's implied messaging.  For instance, a network insider informed Page Six that, '[Ms. Mashariki] was terminated as a result of her own performance prior to taking medical leave.  They then allowed her to keep her contract, so she was able to keep her salary and benefits after being diagnosed.  She is definitely terminated.'  Carlos Greer, *Exec shake-up at BET is 'next-level crazy'*, Page Six, March 31, 2017."  Dkt. No. 1 at ¶ 72. |
| Paragraph 207 | "BET harmed Ms. Mashariki by falsely telling reporters that Ms. Mashariki's March 30, 2017 email to her team misrepresented the facts and were without merit."  Dkt. No. 1 at ¶ 207. |

In each of these four statements, Mashariki fails to plead sufficient (critical) facts such as *who* the purported speaker was, and to *whom*, in *what context*, or *when* the statement was purportedly made.  The lack of specifics forecloses a determination of whether each alleged statement is opinion, true, or subject to any potential privileges.  *See, e.g., United States ex rel. Fryberger v. Kiewit Pac. Co.*, 41 F. Supp. 3d 796, 814-15 (N.D. Cal. 2014) (dismissing plaintiff's defamation claim without leave to amend because the Second Amended Complaint "repeat[ed] the same" "impermissibly vague and conclusory" allegations that "did not permit the Court to identify the statements at issue, nor to conclude whether the statements were permissible 'opinion' statement" as in the First Amended Complaint.).

Without such information, neither Defendants nor the Court can "reasonably infer" that Mashariki was defamed.  *See Richardson v. HRHH Gaming Senior Mezz, LLC*, 99 F. Supp. 3d 1267, 1278 (D. Nev. 2015) ("Because 'Plaintiff fail[ed] to identify the persons that made the allegedly defamatory statements, who the statements were published to, and when the statements were made,'" the Court could not "reasonably infer" that Defendant had defamed Plaintiff[;]" defamation claim dismissed).   Accordingly, to the extent Mashariki's defamation claim is based on these statements, it fails.

### 2.   The Statements Described In Paragraphs 68 and 71, Stating Mashariki Was Leaving BET, Are Not Actionable As The Complaint Demonstrates That, When Made, They Were True

This leaves Mashariki with two of her original six potentially allegedly defamatory statements to support her claim.  They fail because, as Mashariki's Complaint reveals, when made—the statements were true.  It is Hornbook law that truth is an absolute defense to a claim of defamation.  *See, e.g.*, Cal. Civ. Code §§ 45-46 (requiring "false publications" for libel or slander).

Those two relevant statements are:

| Paragraph 68 | "[On March 29, 2017,] . . . Ms. Lee falsely claimed that, 'Additionally, Zola Mashariki, EVP, and Head of Original Programming, will also be departing the network.'"  Dkt. No. 1 at ¶ 68 (*see also* ¶ 65, referencing statement generally). |
|---|---|
| Paragraph 71 | "The Company later repeated its false statement that Ms. Mashariki was no longer an employee: 'BET rep Tracy McGraw, who confirms that Mashariki is no longer with the network, insists that they did nothing wrong.' . . . ."  Dkt. No. 1 at ¶ 71. |

Here, Mashariki admits she was told on February 28, 2017, that her employment was being terminated.  Dkt. No. 1 at ¶ 63.  Thus, BET's CEO's statement that Mashariki would be "departing the network" and, later, Ms. McGraw's alleged "confirmation" that Ms. Mashariki was "no longer with the network" were both true statements.  Because a required element of defamation is that the statement be untrue—and neither described comment on its face is untrue—these alleged statements cannot be considered defamatory.[4]

### 3.   Mashariki's Defamation Claim Further Fails Because She Has Not Pled Facts Demonstrating Any Statement Was Made With Malice

Finally, it is axiomatic that a defamation cause of action cannot be maintained against a "public figure" unless the plaintiff sufficiently pleads facts demonstrating the alleged false statement(s) was/were made with malice.  *See Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 270 (9th Cir. 2013) (applying California law:  "Because Trump University is a limited purpose public figure, to prevail on its defamation claim it must establish that Makaeff made her statements

---
[4] Moreover, the alleged statement in Paragraph 68 is also privileged under the common interest privilege.  *See* Cal. Civ. Code 47(c).  Lee sent the email referenced in Paragraph 68 to personnel of BET and there is no claim of malice. *See id.*

with 'actual malice,' i.e., knowledge of their falsity or reckless disregard of their truth.") (citations omitted).  California recognizes that an individual need not be a general public figure, but may be a limited purpose (or "vortex") public figure with respect to the underlying alleged statements.  *See Ampex Corp. v. Cargle*, 128 Cal. App. 4th 1569, 1577 (2005) ("The limited purpose public figure is an individual who voluntarily injects him or herself or is drawn into a specific public controversy, thereby becoming a public figure on a limited range of issues.").  The California Supreme Court explained the rationale behind the limited purpose public figure rule in *Reader's Digest Association v. Superior Court*, 37 Cal.3d 244 (1984):

> [P]ublic figures are generally less vulnerable to injury from defamation because of their ability to resort to effective "self help."  Such persons ordinarily enjoy considerably greater access than private individuals to the media and other channels of communication.  This access in turn enables them to counter criticism and to expose the fallacies of defamatory statements. . . .  [P]ublic figures are [also] less deserving of protection than private persons because public figures, like public officials, have "voluntarily exposed themselves to increased risk of injury from defamatory falsehood concerning them."

37 Cal.3d at 253 (*citing Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 344 (1974)).

Here, Mashariki, as she describes herself, is "one of the entertainment industry's most sought-after creative minds."  Dkt. No. 1 at ¶ 1.  She worked as an Executive Vice President and Head of Original Programming for BET (Dkt. No. 1 at ¶ 17)—a household name and the premier television network focused on Black audiences.  *See also* Dkt. No. ¶ 5 (alleging Mashariki joined BET because "BET's brand spoke to her.")  By doing so, Mashariki invited and accepted the potential media attention and public commentary that would follow.  *See, e.g., McGarry v. Univ. of San Diego*, 154 Cal. App. 4th 97, 115 (2007) ("[O]ne's voluntary decision to pursue a career in sports, whether as an athlete or a coach, 'invites attention and comment' regarding his job performance and thus constitutes an assumption of the risk of negative publicity.") (citing *Barry v. Time, Inc.*, 584 F. Supp. 1110, 1119

(N.D. Cal. 1984).  Indeed, as Mashariki alleges, the press was interested in her employment status, and the attention it received, due to the confusion Mashariki's email caused, accompanied by her lawyer's statements to the press, resulted in a "media storm."  Dkt. No. 1 at ¶¶ 68-70, 72; RJN B.

Given Mashariki's high-profile position at BET, there should be no dispute she is a public figure or, at the very least, a limited purpose public figure.  *See, e.g., Roe v. Doe*, No. C 09-0682 PJH, 2009 U.S. Dist. LEXIS 59440, at *35 (N.D. Cal., Jun. 20, 2009) (holding a basketball coach/general manager for NBA franchises was a limited-purpose public figure for purposes of statements regarding performance); *Gilbert v. Sykes*, 147 Cal. App. 4th 13, 26 (2007) (holding a plastic surgeon plaintiff became a limited purpose public figure by injecting himself into the public debate regarding plastic surgery and personal enhancement); *Rudnick v. McMillan*, 25 Cal. App. 4th 1183, 1190 (1994) (holding plaintiff was a limited public figure by speaking to a publisher about his concerns regarding publicly held reserved land and working with the publisher to edit an article for publication).

Accordingly, Mashariki must plead facts sufficiently demonstrating any or all of the six allegedly defamatory statements were made with actual malice.  *See Nicosia v. De Rooy*, 72 F. Supp. 2d 1093, 1108 (N.D. Cal. 1999) ("Public figures must prove actual malice in order to recover on defamation claims); *see also Kottle v. Northwest Kidney Ctrs.*, 146 F.3d 1056, 1063 (9th Cir. 1998) ("[W]hen 'a plaintiff seeks damages . . . for conduct which is prima facie protected by the First Amendment, the danger that the mere pendency of the action will chill the exercise of First Amendment rights requires more specific allegations than would otherwise be required.'") (*quoting Franchise Realty Interstate Corp. v. Bd. of Culinary Workers*, 542 F.2d 1076, 1083 (9th Cir. 1976)).

Mashariki, however, does not even come close—relying again on legal conclusions that do not meet the minimum pleading requirements, let alone the elevated standard for malice.  *See e.g.*, Dkt. No. 1 at ¶ 211 ("Defendants' conduct

1  has been deliberate, willful, oppressive, malicious, fraudulent, and conducted in

2  callous disregard of Ms. Mashariki's rights[.]")  Such conclusive allegations do not

3  satisfy her pleading requirement.  *See, e.g.*, *Makaeff*, 715 F.3d at 270 (a limited-

4  purpose public figure "must show by clear and convincing evidence that

5  [defendant] 'entertained serious doubts as to the truth' of [its] statements.")

6  (citations omitted).  Accordingly, for this independent reason, Mashariki's

7  defamation claim should be dismissed.

8          **C.    Mashariki's Deficient Second, Eighth, and Eighteenth Claims For**
9                  **Relief Should Be Dismissed Without Leave to Amend**

10         As the Ninth Circuit has recognized, a dismissal of a complaint with

11  prejudice is proper when a court finds that "allegation[s] of other facts consistent

12  with the challenged pleading could not possibly cure the deficiency."  *Schreiber*

13  *Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see*

14  *also Eminence Capital LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)

15  (recognizing that dismissal with prejudice is appropriate where it is clear "that the

16  complaint could not be saved by amendment."); *Saul v. United States*, 928 F.2d

17  829, 843 (9th Cir. 1991) (denying plaintiff leave to amend, despite his offer of

18  proof to add injunctive and class relief to his prayer for relief:  "A district court

19  does not err in denying leave to amend where the amendment would be futile, or

20  where the amended complaint would be subject to dismissal.") (citations omitted).

21         Here, Mashariki's second and eighth claims, as asserted against Hill and her

22  eighteenth claim cannot be cured by amendment.  Neither Title VII nor FEHA

23  allow for individual liability, as asserted in the second and eighth claims.  As for

24  her defamation (eighteenth claim)—even if Mashariki were to try to clarify the

25  vagueness of her Complaint and specifically incorporate the alleged comments

26  about which she complains—it will still fail for three reasons.

27         First, presumably if Mashariki had known the names of the alleged speakers

28  or could have provided more detail as to the four vague allegations, she would have

1   so pled.  Second, as for the two statements that are demonstratively true, she cannot

2   cure that.  Third, as for malice, again, if Mashariki had facts that would suggest that

3   any of the statements were made out of malice, presumably she would have

4   asserted those facts.  Nor does it seem likely that any facts demonstrating malice by

5   the alleged speaker at the time the statement was made exists:  (i) three of the

6   identified statement are denials of her allegations of wrongdoing (thus invited by

7   her email to her "team" and statements to the press); (ii) two were Lee's vanilla

8   statement that Mashariki would be leaving BET; and (iii) the last is asserted on

9   "information and belief" and may never have happened, at all.

10       Accordingly, absent a legitimate offer of proof as to how Mashariki could

11  possibly cure these defects—something Mashariki will be unable to provide—the

12  Court should dismiss her second and eighth claims asserted against Hill and her

13  eighteenth claim of defamation, without leave to amend.  *See Foman v. Davis*, 371

14  U.S. 178, 183 (1962) (leave to amend is unnecessary where any such amendment

15  would be "futile.").  Anything less would unfairly require BET to expend additional

16  financial and other resources defending against insufficiently pled (and, ultimately,

17  not legally cognizable) claims.  *See Twombly*, 550 U.S. at 546 (in analyzing the

18  sufficiency of plaintiff's allegations, "[i]t is one thing to be cautious before

19  dismissing a[] . . . complaint in advance of discovery, but quite another to forget

20  that proceeding to . . . discovery can be expensive."); *Associated Gen. Contractors*

21  *of Cal., Inc. v. Carpenters*, 459 U.S. 519, 528, n. 17 (1983) ("[A] district court must

22  retain the power to insist upon some specificity in pleading before allowing a

23  potentially massive factual controversy to proceed.").  *That*, in turn, would allow

24  Mashariki to misuse the judicial process—something this Court should not allow.

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## V.  <u>CONCLUSION</u>

For the foregoing reasons, BET respectfully request that the Court dismiss Mashariki's Complaint in its entirety, and, as for Mashariki's second and eighth claims, as asserted against Hill, and her eighteenth claim for defamation, that these claims be dismissed with prejudice.


DATED:  May 30, 2017            PAUL HASTINGS LLP
                                ELENA R. BACA
                                RYAN D. DERRY


                                By:  /s/ Elena R. Baca
                                        ELENA R. BACA

                                Attorneys for Defendants
                                VIACOM INC. and BLACK
                                ENTERTAINMENT TELEVISION LLC