PAUL HASTINGS LLP
ELENA R. BACA (SB# 160564)
elenabaca@paulhastings.com
RYAN D. DERRY (SB# 244337)
ryanderry@paulhastings.com
515 South Flower Street, 25th Floor
Los Angeles, CA  90071-2228
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

Attorneys for Defendants
VIACOM INC. and BLACK
ENTERTAINMENT TELEVISION LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOLA MASHARIKI,<br><br>            Plaintiff,<br><br>      vs.<br><br>VIACOM INC.; BLACK ENTERTAINMENT TELEVISION, LLC; Stephen Hill, and DOES 1 through 50, inclusive,<br><br>            Defendants. | CASE NO. 2:17-cv-03366 PSG (ASx)<br><br>**VIACOM INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**<br><br>Date:    June 17, 2017<br>Time:    1:30 p.m.<br>Place:   Courtroom 6A<br>Judge:   Hon. Philip S. Gutierrez<br><br>Complaint filed:  May 3, 2017 |

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION ............................................................................................. 1
II. RULE 8 REQUIRED MASHARIKI TO PRESENT FACTS DEMONSTRATING A PLAUSIBLE CLAIM AGAINST VIACOM .......... 2
III. MASHARIKI'S FIRST THROUGH FIFTEENTH AND SEVENTEENTH CLAIMS (HER EMPLOYMENT-BASED CLAIMS) AGAINST VIACOM MUST BE DISMISSED ............................ 3
IV. MASHARIKI'S SIXTEENTH CLAIM FOR BREACH OF THE IMPLIED COVENANT FAILS BECAUSE SHE HAS NO CONTRACTUAL RELATIONSHIP WITH VIACOM ................................ 6
V. MASHARIKI FAILS TO STATE A LEGALLY VIABLE CLAIM OF DEFAMATION AGAINST VIACOM ............................................................ 6
VI. MASHARIKI'S CLAIMS AGAINST VIACOM SHOULD BE DISMISSED WITH PREJUDICE ................................................................. 8
VII. AT A MINIMUM, MASHARIKI'S "SHOTGUN PLEADING" SHOULD BE DISMISSED AND CURED ..................................................... 10
VIII. CONCLUSION ............................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................. 2

*Associated Gen. Contractors of Cal., Inc. v. Carpenters*,
  459 U.S. 519 (1983) ............................................................................................. 9

*Avendano v. Sec. Consultants Grp., Inc.*,
  No. 3:13–cv–00168–HDM–VPC, 2014 WL 298841 (D. Nev. Jan. 27, 2014) ......................................................................................................... 6, 9

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ...........................................................................2, 9, 10, 11

*Destfino v. Kennedy*,
  No. CV-F-08-1269 LJO DLB, 2009 WL 63566 (E.D. Cal. Jan. 8, 2009) ................................................................................................................. 11

*Digerati Holdings, LLC v. Young Money Entm't, LLC*,
  194 Cal. App. 4th 873 (2011) .............................................................................. 6

*Doe v. Wal-Mart Stores, Inc.*,
  572 F.3d 677 (9th Cir. 2009) ............................................................................... 5

*EEOC v. La Rana Hawaii*,
  LLC, 888 F.Supp.2d 1019 (D. Haw. 2012) ......................................................... 5

*Eminence Capital LLC v. Aspeon, Inc.*,
  316 F.3d 1048 (9th Cir. 2003) ............................................................................. 8

*Foman v. Davis*,
  371 U.S. 178 (1962) ............................................................................................. 9

*J.A. Folger & Co. v. Williamson*,
  129 Cal. App. 2d 184 (1954) ............................................................................... 6

*Keifer v. Hamilton Engine Sales, Inc.*,
  No. CIV. S-04-2077 LKK/DAD, 2006 U.S. Dist. LEXIS 68373 (E.D. Cal. Sept. 13, 2006) ................................................................................. 4

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Laird v. Capital Cities/ABC, Inc.*,
   68 Cal. App. 4th 727 (1998) ................................................................................ 4

*Ozkan v. Am. Casino & Entm't Props., LLC*,
   No. 2:14–CV–187 JCM (GWF), 2014 WL 4105065 (D. Nev. Aug.
   19, 2014) ............................................................................................................. 5

*PAI Corp. v. Integrated Sci. Sols., Inc.*,
   No. C-06-5349 JSW (JCS), 2007 WL 1229329 (N.D. Cal. Apr. 25,
   2007) ................................................................................................................... 7

*Roby v. McKesson Corp.*,
   47 Cal. 4th 686 (2009) ........................................................................................ 3

*Saul v. United States*,
   928 F.2d 829 (9th Cir. 1991) .............................................................................. 8

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*,
   806 F.2d 1393 (9th Cir. 1986) ............................................................................ 8

*Smith v. Maldonado*,
   72 Cal. App. 4th 637 (1999) ............................................................................... 7

*Sollberger v. Wachovia Securities, LLC*,
   No. SACV 09-0766 AG (ANx), 2010 WL 2674456 (C.D. Cal. Jun.
   30, 2010) ........................................................................................................ 5, 10

*Watson v. Gulf & W. Indus.*,
   650 F.2d 990 (9th Cir.1981) ............................................................................... 4

**Statutes**

29 U.S.C.
   § 206(d) ............................................................................................................... 3
   § 2615(a)(1) ........................................................................................................ 3

42 U.S.C. § 2000e-2 ................................................................................................. 3

Cal. Civ. Code
   § 45 ..................................................................................................................... 7
   § 46 ..................................................................................................................... 7

<strong>TABLE OF AUTHORITIES</strong>
(continued)

**Page(s)**

Cal. Gov't. Code
    § 12940(a) ........................................................................................................ 3
    § 12945.2(l) ..................................................................................................... 4

Cal. Lab. Code § 1197.5 ................................................................................................ 4

California Equal Pay Act .............................................................................................. 4

California Fair Employment Housing Act (FEHA) ................................................. 3, 4

California Family Rights Act (CFRA) .......................................................................... 4

Civil Rights Act of 1964 Title VII ............................................................................. 3, 4

Family Medical Leave Act (FMLA) .............................................................................. 3

Federal Equal Pay Act .................................................................................................... 3

**Other Authorities**

Fed. R. Civ. P.
    R. 8 .................................................................................................................... 2
    R. 12(b) ......................................................................................................... 1, 7
    R. 12(b)(6) ........................................................................................................ 2

## I.    INTRODUCTION

Viacom Inc. is a global entertainment company home to premier global media brands that create television programs, motion pictures, short-form content, applications, games, consumer products, social media experiences, and other entertainment content.  Generally speaking, Viacom Inc. ("Viacom") divides its businesses and brands into two segments:  Media Networks and Filmed Entertainment.  *See* Request for Judicial Notice dated May 30, 2017 ("RJN"), Ex. A at 69.  Viacom's Media Networks segment operates through various entities (including Viacom subsidiaries) and reaches hundreds of millions of households worldwide via various television channels, including Nickelodeon®, Comedy Central®, MTV®, VH1®, SPIKE®, CMT®, TV Land®, Nick at Nite®, Nick Jr.®, Channel 5® (UK), Logo®, Nicktoons® and, relevant here, BET®.  *Id.*

Defendant Black Entertainment Television LLC ("BET"), one of Viacom's more than 400 registered subsidiaries, hired Plaintiff Zola Mashariki in 2015.  Dkt. No. 1; RJN Ex. A at 144-54.  Mashariki's short employment with BET ended in 2017, when BET exercised its right to terminate her contract.  *See* Dkt. No. 1 at ¶¶ 63, 66.  The self-described 20-year "show business" veteran who "establish[ed] herself as one of the entertainment industry's most sought-after creative minds," now claims that BET's decision to let her go early, *must* have been motivated by anything other than her own deficient performance.[1]

Mashariki sued BET, her BET supervisor, Stephen Hill, and, inexplicably, added BET's parent company, Viacom, to the pleading.  *See generally* Dkt. No. 1.  Viacom should be dismissed.  Put simply, Mashariki has failed to assert sufficient facts that would frame a plausible claim against Viacom.  In fact, for her 17

---

[1] As BET's concurrently filed Rule 12(b)(6) Motion notes, at the appropriate time, it will present the reasons why BET decided to terminate Mashariki's contract—including, but not limited to, the numerous complaints about Mashariki's failures as a leader (including a claim by one of her direct reports that Mashariki had unlawfully discriminated against that BET employee).

- 1 -    VIACOM'S POINTS AND AUTHORITIES
ISO MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(b)(6)

employment-related claims, Mashariki employs a slight-of-hand to avoid actually asserting *facts* related to how Viacom could be considered her employer or liable as BET's corporate parent.[2]  As for Mashariki's single, non-employment claim (defamation), despite adding Viacom to the claim, she fails to allege that any person authorized to speak for Viacom said anything about her, at all.  Thus, Viacom respectfully requests Mashariki's claims against it be dismissed with prejudice.

## II. RULE 8 REQUIRED MASHARIKI TO PRESENT FACTS DEMONSTRATING A PLAUSIBLE CLAIM AGAINST VIACOM

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted.  In reviewing a motion to dismiss under Rule 12(b)(6), a court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a challenge to the legal sufficiency of the claims under Rule 12(b)(6), a plaintiff must allege "more than labels and conclusions." *Twombly*, 550 U.S. at 555.  Courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (internal quotation marks omitted).  Naked assertions devoid of further factual enhancement or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to survive a motion to dismiss.  *Id.* at 663.  Instead, a plaintiff's factual allegations must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

---

[2] Throughout her Complaint, Mashariki defines BET and Viacom—two separate entity defendants—in the singular, as "Company". *See, e.g.,* Dkt No. 1 at 2:22-23. After misleadingly conflating the two entities, Mashariki uses the term "Company" throughout her employment claims thereby, quietly, attempting to fold-in Viacom. *See, e.g., id*. at 10:18-21 ("The Company's Misogynistic Culture Oppresses Women in the Workplace"; "The Company required Ms. Mashariki to Perform More Work for Less Pay and A Lower Title than Mr. Hill.")

- 2 -  VIACOM'S POINTS AND AUTHORITIES ISO MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

### III. MASHARIKI'S FIRST THROUGH FIFTEENTH AND SEVENTEENTH CLAIMS (HER EMPLOYMENT-BASED CLAIMS) AGAINST VIACOM MUST BE DISMISSED

Mashariki's first through fifteenth and seventeenth claims rely on various state and federal employment statutes and allegations of a wrongful termination in violation of public policy. These statutes regulate "employer" conduct. Specifically:

- Mashariki's first through fourth claims for relief rely on Title VII, which precludes "an *employer*" from engaging in certain "unlawful employment practice[s]." 42 U.S.C. § 2000e-2 (emphasis added).

- Mashariki's fifth and sixth claims for relief rely on the Family Medical Leave Act (FMLA), which similarly restricts an "*employer*" from "[interfering with] . . . the exercise of or the attempt to exercise, any right provided" by the FMLA). 29 U.S.C. § 2615(a)(1) (emphasis added).

- Mashariki's seventh claim for relief relies on the Federal Equal Pay Act which regulates employers, too. *See* 29 U.S.C. § 206(d) ("No employer having employees subject to any provisions of this section shall discriminate . . . on the basis of sex" with respect to wages).

- Mashariki's eighth through twelfth claims for relief under the California Fair Employment Housing Act (FEHA) impose liability on *employers* for discrimination, retaliation, and harassment.[3] *See* Cal. Gov't. Code § 12940(a) ("It is an unlawful employment practice . . . [f]or an employer . . . to discriminate against the person in compensation or in terms, conditions, or privileges of employment" because of her sex).

---

[3] Although not relevant to this Motion, a co-worker, too, may be liable for harassment under FEHA. *See Roby v. McKesson Corp.*, 47 Cal. 4th 686, 706-707 (2009).

- Mashariki's thirteenth and fourteenth claims for relief rely on California Family Rights Act (CFRA) which makes it "an unlawful employment practice for an *employer* to . . . discriminate against, any individual because of [her] exercise of the right to family care and medical leave" under CFRA") Cal. Gov't. Code § 12945.2(l) (emphasis added).

- Mashariki's fifteenth claim for relief, brought under the California Equal Pay Act, similarly states "[a]n *employer* shall not pay any of *its employees* at wage rates less than the rates paid to employees of the opposite sex for substantially similar work[.]" Cal. Lab. Code § 1197.5 (emphasis added).

- Finally, Mashariki's seventeenth claim for wrongful discharge in violation of public policy does nothing more than parallel her FEHA and CFRA statutory claims. Accordingly, it too can only be asserted against an employer. *See Keifer v. Hamilton Engine Sales, Inc.*, No. CIV. S-04-2077 LKK/DAD, 2006 U.S. Dist. LEXIS 68373, at *24 (E.D. Cal. Sept. 13, 2006) (agreeing plaintiff's wrongful termination in violation of public policy claim "is only as valid as the claim brought directly under FEHA.").

BET—not Viacom—was Mashariki's employer. *See* Dkt. No. 1 at ¶ 19. Thus, not one of the above listed claims may be asserted against Viacom, absent Mashariki pleading facts that would demonstrate a plausible theory as to how Viacom, BET's parent corporation, could be held liable for these employment-based claims.[4] Mashariki has not done so here.

Instead (perhaps because there are no facts to frame a plausible claim against her employer's corporate parent), Mashariki employs a misleading, if not deceptive,

---

[4] "[T]here is a strong presumption that a parent company is not the employer of its subsidiary's employees." *Laird v. Capital Cities/ABC, Inc.*, 68 Cal. App. 4th 727, 737 (1998); *see also Watson v. Gulf & W. Indus.*, 650 F.2d 990, 993 (9th Cir.1981) ("In the absence of special circumstances, a parent corporation is not liable for the Title VII violations of its wholly owned subsidiary.").

pleading maneuver: Mashariki conflates BET and Viacom, and refers to them, collectively, as a singular noun—*the* "Company". *See, e.g.,* Dkt. No. 1 at ¶ 3 ("[T]he Company unlawfully terminated Ms. Mashariki . . ."); Dkt. No. 1 at ¶ 27 ("[T]he Company has discriminated and retaliated against her . . ."); Dkt. No. 1 at ¶ 34 ("The Company protected Defendant Hill, . . ."); and Dkt. No. 1 at ¶ 35 ("The Company also denied Ms. Mashariki equal employment opportunities, . . .").

Mashariki's pleading maneuver is inconsistent with due process; it denies Viacom (and this Court) actual notice of the factual basis for her claims that Mashariki alleges Viacom may be held liable. *See, e.g., EEOC v. La Rana Hawaii, LLC*, 888 F.Supp.2d 1019, 1046 (D. Haw. 2012) ("[T]he majority of the Complaint refers collectively to 'Defendants' without distinction between the two parties. . . . [Plaintiff] must allege specifically what wrongdoing it is assigning to *each* Defendant.") (emphasis added); *Sollberger v. Wachovia Securities, LLC*, No. SACV 09-0766 AG (ANx), 2010 WL 2674456, at *4 (C.D. Cal. Jun. 30, 2010) ("One common type of shotgun pleading comes in cases with multiple defendants where the plaintiff uses the omnibus term 'Defendants' throughout a complaint by grouping defendants together without identifying what the particular defendants specifically did wrong."); *Ozkan v. Am. Casino & Entm't Props., LLC*, No. 2:14–CV–187 JCM (GWF), 2014 WL 4105065, at *4 (D. Nev. Aug. 19, 2014) (where "[a]ll of plaintiff's factual allegations refer to defendants generally," such that the court cannot assess which conduct is alleged of which defendant, "plaintiff fails to present any allegation that would warrant departure from the general rule on parent-subsidiary liability[.]").

Mashariki may argue she alleged Viacom "made, approved, and ratified" BET's actions. *See, e.g.*, Dkt. No. 1 at ¶ 204. This gets her nowhere. Such allegations are properly discarded as unwarranted conclusions; they are neither facts nor supported by facts. *See, e.g., Doe v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009) (disregarding "Plaintiffs' general statement that Wal-Mart

- 5 -

VIACOM'S POINTS AND AUTHORITIES
ISO MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(b)(6)

exercised control over their day-to-day employment is a conclusion, not a factual allegation stated with any specificity."); *Avendano v. Sec. Consultants Grp., Inc.*, No. 3:13–cv–00168–HDM–VPC, 2014 WL 298841, at *3 (D. Nev. Jan. 27, 2014) (rejecting "vague allegations that Paragon and Securitas were '*involved in, oversaw, ratified or otherwise authorized the actions* of SCG set forth therein[]' . . .") (emphasis added).

Having failed to allege *facts* that provide a plausible theory of liability for her employment claims as to Viacom, Mashariki's first through fifteenth and seventeenth claims should be dismissed as to Viacom.

### IV. MASHARIKI'S SIXTEENTH CLAIM FOR BREACH OF THE IMPLIED COVENANT FAILS BECAUSE SHE HAS NO CONTRACTUAL RELATIONSHIP WITH VIACOM

Through her sixteenth claim, Mashariki contends Viacom breached the implied covenant of good faith and fair dealing, premised on her May 1, 2015 contract with BET ("BET-EVP Contract"). Dkt. No. 1, ¶¶ 17, 194. Mashariki has not—again because she cannot—alleged what she must for this claim: that Viacom was a party to the BET-EVP Contract. *See Digerati Holdings, LLC v. Young Money Entm't, LLC*, 194 Cal. App. 4th 873, 885 (2011) ("Although breach of the implied covenant often is pleaded as a separate count, a breach of the implied covenant is necessarily a breach of contract."); *J.A. Folger & Co. v. Williamson*, 129 Cal. App. 2d 184 (1954) (holding someone who is not a party to a contract cannot be held liable under the terms of the contract). Accordingly, Mashariki's claim for breach of the covenant of good faith and fair dealing, as to Viacom, must be dismissed.

### V. MASHARIKI FAILS TO STATE A LEGALLY VIABLE CLAIM OF DEFAMATION AGAINST VIACOM

In the eighteenth claim, Mashariki asserts a claim for defamation against BET and Viacom. *See* Dkt. No. 1 at ¶¶ 206-212. In order to state a viable claim for

defamation, Mashariki must plead that someone authorized to speak on behalf of Viacom: (i) intentionally published, (ii) a statement of fact, (iii) that is false, (iv) unprivileged, and (v) "has a natural tendency to injure or which causes special damage." *Smith v. Maldonado,* 72 Cal. App. 4th 637, 645 (1999); *see also* Cal. Civ. Code §§ 45, 46. A plaintiff must "specifically identify who made the statements, when they were made and to whom they were made." *PAI Corp. v. Integrated Sci. Sols., Inc.*, No. C-06-5349 JSW (JCS), 2007 WL 1229329, at *9 (N.D. Cal. Apr. 25, 2007).

Here, Mashariki's defamation claim suffers from vagueness and her failure to articulate who said what, where, and when. Setting aside Mashariki's improper attempt to incorporate by reference every allegation in the Complaint (discussed below), the paragraphs actually listed within the eighteenth claim for relief refer to one alleged statement only. *See* Dkt. No. 1 at ¶ 207 (alleged statements to the press "that Ms. Mashariki's March 30, 2017 email to her team misrepresented the facts and were without merit."). It was not a statement attributed to anyone employed by Viacom. *See* Dkt. No. 1 at ¶ 70 ("In response to press inquiries about Ms. Mashariki's email, the Company commented that, 'These claims misrepresent the facts and are without merit.'"); *see also* ¶ 71 (naming the only purported speaker to the press as a "BET rep": "'BET rep Tracy McGraw, who confirms that Mashariki is no longer with the network, insists that they did nothing wrong.'"). Absent some form of speech attributable to Viacom, Mashariki's defamation claim against Viacom fails at the first hurdle.[5]

---

[5] The Court need go no further to dismiss Mashariki's defamation claim against Viacom. Nonetheless, there are additional legal defects, as set forth in BET's concurrently filed Rule 12(b)(6) Motion. Viacom hereby joins and incorporates by reference BET's authorities and arguments related to the defamation claim, rather than repeat them here.

## VI. MASHARIKI'S CLAIMS AGAINST VIACOM SHOULD BE DISMISSED *WITH PREJUDICE*

As the Ninth Circuit has recognized, a dismissal of a complaint with prejudice is proper when a court finds that "allegation[s] of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see also Eminence Capital LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (recognizing that dismissal with prejudice is appropriate where it is clear "that the complaint could not be saved by amendment."); *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (denying plaintiff leave to amend, despite his offer of proof to add injunctive and class relief to his prayer for relief: "A district court does not err in denying leave to amend where the amendment would be futile, or where the amended complaint would be subject to dismissal.") (citations omitted).

Here, Mashariki's claims arise out of her employment and its termination—including alleged statements related to her termination that she contends to be defamatory. Again, Viacom was not Mashariki's employer; nor can it be held liable to her, a BET employee, on the mere fact that BET is one of Viacom's hundreds of registered subsidiaries.[6] There is a reason why Mashariki does not assert facts demonstrating that she provided services to Viacom: it did not happen. There is a reason why Mashariki does not assert facts demonstrating that Viacom exercised day-to-day control or oversight over her employment: it did not. There is a reason why Mashariki does not assert facts demonstrating that an authorized Viacom speaker defamed her when discussing the termination of her employment from BET: it did not do so.

Indeed, setting aside the argument, conclusions and hyperbole that comprise the majority of Mashariki's Complaint, the facts pled reveal Mashariki's

---

[6] BET and Viacom are separate legal entities—created in different jurisdictions, at different times and with different stockholders, and headquartered in different locations. *See* RJN Exs. A and B.

- 8 -

VIACOM'S POINTS AND AUTHORITIES
ISO MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(b)(6)

1 employment related grievances can only be properly directed to BET.  Mashariki
2 alleges:  (i) BET hired her; (ii) she was an Executive Vice President and Head of
3 Original Programming for BET, and appeared on BET's website in that role;
4 (iii) she reported to Defendant Hill, BET's President of Programming; (iv) her
5 apparent conflicts appear to be with Hill, her BET-employed supervisor; (v) she
6 complained to and interacted with BET's Head of HR, Cheena Stanley; (vi) she had
7 meetings with BET's CEO, Debra Lee regarding concerns related to her
8 employment; (vii) she informed Lee and Hill of her medical condition in December
9 2016; and (viii) Mashariki alleges she was subjected to defamatory comments
10 allegedly made by Lee and "BET rep Tracy McGraw".[7]  *See* Dkt. No. 1 at ¶¶ 17,
11 24, 30, 40, 43, 46, 55, 68, 71, 74.

12       Accordingly, absent a legitimate offer of proof as to how Mashariki could
13 possibly cure these defects—something Mashariki will be unable to provide—the
14 Court should dismiss her claims against Viacom, without leave to amend.  *See*
15 *Foman v. Davis*, 371 U.S. 178, 183 (1962) (Leave to amend is unnecessary where
16 any such amendment would be "futile.").  Anything less would unfairly require
17 Viacom to expend additional financial and other resources defending against
18 insufficiently pled (and, ultimately, not legally cognizable) claims.  *See Twombly*,
19 550 U.S. at 546 (in analyzing the sufficiency of plaintiff's allegations, "[i]t is one
20 thing to be cautious before dismissing a[] . . . complaint in advance of discovery,
21 but quite another to forget that proceeding to . . . discovery can be expensive.");
22 *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 528, n. 17

---

[7] Mashariki mentions a Viacom executive, Scott Mills, but only to subject him to inflammatory argument (e.g., that he was a "close friend of Hill", part of the "old boys' club", who turned "a blind eye," to Hill's purported conduct [Dkt. No. 1 at ¶ 29) and unsupported legal conclusions that carry no weight (e.g., "The Company's HR, led by Scott Mills, also retaliated against Ms. Mashariki . . . ." [Dkt. No. 1 at ¶ 49]).  *See, e.g., Avendano*, 2014 WL 298841, at *3 (rejecting conclusory and argumentative allegations entity was "involved in, oversaw, ratified, or otherwise authorized actions . . .")); Dkt. No. 1 at ¶ 29.

VIACOM'S POINTS AND AUTHORITIES
ISO MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(b)(6)

(1983) ("[A] district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed."). *That*, in turn, would allow Mashariki to misuse the judicial process—something this Court should not allow.

## VII. AT A MINIMUM, MASHARIKI'S "SHOTGUN PLEADING" SHOULD BE DISMISSED AND CURED

With respect to the form of a complaint, it must contain clarity regarding the interplay of factual allegations and the respective claims for relief. A complaint cannot merely "recite[]a collection of general allegations toward the beginning of the Complaint, and then 'each count incorporates every antecedent allegation by reference[.]'" *Sollberger*, 2010 WL 2674456, at*4 (citations omitted). Such "shotgun pleadings" are unacceptable because they "overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations." *Id*. Yet, this is precisely what Mashariki has done.

Here, the first 19 pages of the Complaint (75-paragraphs to be precise) purport to provide the factual support of each of Mashariki's eighteen claims. *See generally* Dkt. No. 1. Then the legal claims are listed, with each initial paragraph within each claim stating, "Ms. Mashariki re-alleges and incorporates by each and every allegation in this Complaint as if fully set forth herein." *See, e.g.,* Dkt. No. 1, at ¶¶ 76, 85, 94. What then follows within each claim is little more than a list of the legal elements of each claim and conclusions. *See, e.g.*, Dkt. No. 1, at ¶¶ 77-78, 86-93, 95-103. It is unclear from her Complaint which factual allegations are intended to support which claims, against which Defendant(s).

This pleading "technique" is impermissible under *Twombly*:

> Simply put, then, the problem with a shotgun pleading is that it prevents the parties and the court from understanding what the case is really about because the pleadings are cluttered with irrelevant and unrelated facts.

- 10 - VIACOM'S POINTS AND AUTHORITIES ISO MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

> The consequence is that discovery becomes a fool's errand in which parties seek out facts relating to claims whose parameters are so fuzzy, amorphous and ill-defined as to be utterly indeterminate.

*Destfino v. Kennedy*, No. CV-F-08-1269 LJO DLB, 2009 WL 63566, at *6 (E.D. Cal. Jan. 8, 2009) (citations omitted). No one should have to guess. Indeed, due process compels that Mashariki provide sufficient notice of what facts she contends provide her with a plausible claim against Viacom. Thus, if the Court does not dismiss with prejudice all claims asserted against Viacom, at a minimum, Mashariki should be required to comply with *Twombly*.

## VIII. CONCLUSION

For the foregoing reasons, Viacom respectfully requests that the Court dismiss all claims asserted against it, with prejudice.

DATED: May 30, 2017

PAUL HASTINGS LLP
ELENA R. BACA
RYAN D. DERRY

By: /s/ Elena R. Baca
ELENA R. BACA

Attorneys for Defendants
VIACOM INC. and BLACK ENTERTAINMENT TELEVISION LLC

LEGAL_US_W # 90006269.13