UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-3366 PSG (ASx) | Date | August 10, 2017 |
|---|---|---|---|
| Title | Mashariki v. Viacom Inc. et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** Order GRANTING IN PART and DENYING IN PART Defendants' Motions to Dismiss

Before the Court are three Motions to Dismiss. *See Mashariki v. Viacom Inc. et al.*, No. CV 17-3366 PSG (ASx), Dkt. # 13 ("*BET Mot.*"), Dkt. # 16 ("*Viacom Mot.*"), Dkt. # 24 ("*Hill Mot.*"). The Court finds the matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. After considering all the papers submitted by all the parties, the Court GRANTS IN PART and DENIES IN PART Defendants' Motions. To the extent that any claims are granted with leave to amend, Plaintiff must file an amended complaint by September 14, 2017.

I.    Background

Plaintiff Zola Mashariki was employed by Defendant Black Entertainment Television LLC ("BET") as Executive Vice President and Head of Original Programming from May 1, 2015 until April 11, 2017, when she was allegedly terminated during a period of medical leave. *Complaint*, Dkt. # 1, ¶¶ 17, 66 ("*Compl.*"). During her two years at BET, Mashariki claims that BET, its parent company Defendant Viacom Inc. ("Viacom"), and Defendant Stephen Hill, BET's President of Programming, "subjected [her] to gender discrimination and harassment" and "retaliated against her when she complained about the unlawful treatment," ultimately terminating her employment and "flagrantly disregarding her rights" under federal and state employment laws. *Id.* ¶¶ 1-3.

Mashariki, a 20-year show business veteran who moved to BET after a stint as a production executive specializing in independent film, asserts that her tenure at BET was marked by unqualified success. In addition to "bringing top talent to the network and revamping its original programming," *id.* ¶ 1, Mashariki "received an outstanding performance review in December 2015, praising her for 'instill[ing] a confidence' in her team that was 'sorely needed' and concluding that she was 'very successful and put [BET] in position to thrive.'" *Id.* ¶¶ 9, 45.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-3366 PSG (ASx) | Date | August 10, 2017 |
|---|---|---|---|
| Title | Mashariki v. Viacom Inc. et al. | | |

One BET executive allegedly commented after a key annual meeting that sales of Ms. Mashariki's content were "so successful, it was scary," and Defendant Hill allegedly described her performance as "stellar." *Id.* ¶ 10.

However, despite her effective performance and the positive reception it engendered, Mashariki claims that she experienced discrimination and harassment at BET. She alleges that "women, especially women of color, are not safe from workplace discrimination and harassment" at the network. *Id.* ¶ 6. Women are "systematically discriminated against, harassed, [and] intimidated," with Mashariki herself personally "exploited for her around-the-clock work while men reaped the benefits and credit." *Id.* Mashariki's allegations focus particularly on Defendant Hill, her supervisor at BET. In addition to harassing "women . . . whom he found threatening," Mashariki alleges that Hill "encouraged conflict on [her] team and sought to disempower and demote her." *Id.* ¶¶ 6-7. On one occasion, Hill "verbally attacked and threatened" Mashariki when she demonstrated "disobedience"; he allegedly shouted and yelled expletives, leaving Mashariki "traumatized and visibly shaking." *Id.* ¶ 39. She further claims that despite reports by other women of Hill's conduct, the leadership at Viacom and BET did little to address the reports of discrimination and harassment and instead promoted Hill's advancement. *Id.* ¶ 8.

Mashariki further alleges that she was denied equal employment opportunities at BET. Although BET "represented that Ms. Mashariki's [Executive Vice President] role had the same job duties and responsibilities as [a] President role," Mashariki was underpaid given her contributions when compared with "similarly situated male employees who performed equal or substantially similar work." *Id.* ¶ 38.

After communicating Hill's alleged harassment to Viacom's human resources ("HR") department, as well as to BET CEO Debra Lee, Mashariki claims that the company "subjected her to retaliatory performance management" despite her professional successes. *Id.* ¶¶ 9, 43-44. Although she was told that her work product was "outstanding" and that no allegations targeting her management style had been corroborated, Mashariki was assigned a professional coach "despite her recent positive performance." *Id.* ¶¶ 46-47. HR then proceeded to "initiate[] a series of pretextual adverse employment actions intended to manage Ms. Mashariki out for reporting Defendant Hill's discriminatory and harassing activities." *Id.* ¶ 48. Mashariki's use of legal counsel to formally complain to Viacom in November 2016 allegedly led to an escalation of the retaliation. *Id.* ¶ 54.

In December 2016, Mashariki was diagnosed with breast cancer and began protected medical leave. *Id.* ¶ 11. After a subsequent diagnosis for a more severe type of breast cancer, Mashariki asserts that BET and Viacom "questioned the validity of her diagnosis, interfered with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-3366 PSG (ASx) | Date | August 10, 2017 |
|---|---|---|---|
| Title | Mashariki v. Viacom Inc. et al. | | |

her short-term disability request," and suggested to her colleagues that she was "faking" her illness. *Id.* ¶¶ 11-12. Viacom's legal department allegedly "interfered" with Mashariki's medical leave by expressing doubts about her illness to the company's insurance provider. *Id.* ¶¶ 59-60.

On February 28, 2017, Viacom and BET "attempted to terminate" Mashariki. *Id.* ¶ 63. She asserts that, in response, she reminded her employer that her contract required written notification of any termination, and that this attempted termination "came on the heels of her prior discrimination and retaliation complaints"; the termination did not proceed. *Id.*

On March 29, 2017, while Mashariki was still on medical leave and intending to return to work after her treatment, BET CEO Lee sent out a company-wide email announcing that "Zola Mashariki, EVP, and Head of Original Programming, will [] be departing the network." *Id.* ¶ 68. Despite Mashariki's protests to the contrary, BET's Senior Vice President of Communications "falsely" confirmed this story to the press. *Id.* ¶¶ 13, 70-71. Mashariki claims that this confirmation was made "in conjunction with a BET insider falsely suggesting that [her] alleged termination was somehow because of her performance"—a suggestion that Mashariki alleges caused "irreparable damage to [her] career and reputation." *Id.* ¶ 13, 72. Ultimately, Mashariki was terminated from her employment on April 11, a firing that she asserts "failed to comply with the requirements of her contract" and "was obviously retaliatory." *Id.* ¶ 14.

Mashariki filed this lawsuit on May 3, 2017, asserting nine causes of action for: (1) gender discrimination (claim 1), hostile work environment (claim 2), retaliation (claim 3), and wrongful termination (claim 4) in violation of Title VII; (2) interference (claim 5) and retaliation (claim 6) in violation of the Family and Medical Leave Act ("FMLA"); (3) violation of the federal Equal Pay Act (claim 7); (4) gender discrimination (claim 8), hostile work environment (claim 9), retaliation (claim 10), failure to prevent harassment (claim 11), and wrongful termination (claim 12) in violation of the California Fair Employment and Housing Act ("FEHA"); (5) interference (claim 13) and retaliation (claim 14) in violation of the California Family Rights Act ("CFRA"); (6) violation of the California Equal Pay Act (claim 15); (7) breach of the implied covenant of good faith and fair dealing (claim 16); (8) wrongful discharge in violation of public policy (claim 17); and (9) defamation (claim 18). *See generally Complaint*. All eighteen claims were filed against Defendants Viacom and BET; only claims 2, 8, and 9 were filed against Defendant Hill. *See generally id.* Defendants have each moved separately to dismiss the causes of action under Federal Rule of Civil Procedure 12(b)(6) for various procedural and substantive defects.

II.     Legal Standard

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-3366 PSG (ASx) | Date | August 10, 2017 |
|---|---|---|---|
| Title | Mashariki v. Viacom Inc. et al. | | |

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In assessing the adequacy of the complaint, the court must accept all pleaded facts as true and construe them in the light most favorable to the plaintiff. *Turner v. City and Cty. Of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015); *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). The court then determines whether the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

III.     Judicial Notice

"Generally, the scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) ("Ordinarily, a court may look only at the face of the complaint to decide a motion to dismiss."). Courts may also, however, consider "attached exhibits, documents incorporated by reference, and matters properly subject to judicial notice." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014), *cert. denied sub nom. Cohen v. Nvidia Corp.*, 135 S. Ct. 2349 (2015).

Plaintiff has requested that the Court take judicial notice of her employment agreement with BET ("Plaintiff's Employment Agreement" or "the Agreement"). *See Plaintiff's Request for Judicial Notice ("RJN")*, Dkt. # 31, Ex. 1. Federal Rule of Evidence 201 allows a court to take judicial notice of a fact that is "not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. However, the Agreement, being a private contract between private parties, is not from a public source or other source "whose accuracy cannot reasonably be questioned." *See, e.g.*, *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (permitting the court to take "judicial notice of facts that are a matter of public record"). Because the Agreement is not a matter of public record and thus not free from reasonable dispute, judicial notice cannot be properly taken under Rule 201.

However, the Court can still consider the Agreement in making this order because it is properly incorporated by reference in the Plaintiff's Complaint. The incorporation by reference doctrine permits the court "to take into account documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading.'" *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (alteration omitted) (quoting *In re Silicon Graphics Sec. Inc. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-3366 PSG (ASx) | Date | August 10, 2017 |
|---|---|---|---|
| Title | Mashariki v. Viacom Inc. et al. | | |

      Here, Plaintiff's Complaint makes several references to the Agreement. *See, e.g.*, *Compl.* ¶ 14 ("The Company also failed to comply with the requirements of her contract . . ."); *id.* ¶ 63 ("[S]he had not received written notice of termination per her contract . . ."); *id.* ¶ 157 ("Ms. Mashariki was an employee of Defendants Viacom and BET, providing services under a contract with BET."). In addition, Plaintiff's sixteenth claim is for a breach of the implied covenant of good faith and fair dealing, which applies specifically to the Agreement. *See id.* ¶¶ 193-98. The contents of the Agreement are therefore alleged in the complaint, and although Defendants Viacom and BET object to Plaintiff's RJN, *see generally Viacom & BET's Objections to Plaintiff's RJN*, Dkt. # 39, at no point have they questioned the authenticity of the Agreement.[1]

      Therefore, the Court can consider the contents of Plaintiff's Employment Agreement in ruling on Defendants' 12(b)(6) Motions, and so Plaintiff's RJN is GRANTED.[2]

IV.    Discussion

      Defendants move to dismiss the Complaint on what the Court characterizes as five different grounds:

      First, Defendants Viacom and BET argue that Plaintiff's Complaint constitutes vague "shotgun pleading" that violates federal pleading requirements. Granting these Motions would dismiss all of Plaintiff's eighteen claims against Viacom and BET.

      Second, Defendants Viacom and BET assert that Plaintiff has failed to state a legally viable claim of defamation. Granting these Motions would dismiss claim 18.

      Third, Defendant Viacom asserts that Plaintiff's employment-based and contractual claims against it must be dismissed because it was not Plaintiff's employer and did not have a contractual relationship with Plaintiff. Granting this Motion would dismiss claims 1-17 against Viacom.

---

[1] In their Objections, Defendants Viacom and BET argue that only a *defendant*, and not a *plaintiff*, can utilize incorporation by reference, and cite to the Ninth Circuit's decision in *Branch v. Tunnell*, 14 F.3d 449 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002), for this proposition. However, Defendants ignore the fact that in *Branch*, the court specifically allowed the *plaintiff*, not the *defendant*, to incorporate a document by reference.

[2] Defendants BET and Viacom have also requested judicial notice. *See BET's RJN*, Dkt. # 15; *Viacom's RJB*, Dkt. #18. Because the Court does not find the material contained in these requests dispositive of any issues at this stage of litigation, it will not address these requests at this time.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-3366 PSG (ASx) | Date | August 10, 2017 |
|---|---|---|---|
| Title | Mashariki v. Viacom Inc. et al. | | |

Fourth, Defendant Hill challenges two of Plaintiff's three claims against him—hostile work environment in violation of Title VII and gender discrimination in violation of FEHA—on the grounds that he cannot be liable as a matter of law. Granting this Motion would dismiss claims 2 and 8 against Hill.

Fifth, Defendant Hill asserts that Plaintiff has failed to state a plausible claim against him for hostile work environment under FEHA. Granting this Motion would dismiss claim 9 against Hill.

The Court will consider each of Defendants' arguments in turn.

    A.    <u>Adequacy of Plaintiff's Pleading</u>

Defendants Viacom and BET argue that Plaintiff's Complaint constitutes so-called "shotgun pleading": an "unclear mass of allegations" that, Defendants assert, make it "unclear from [the] Complaint which allegation(s) is/are intended to support which claim(s) for relief." *BET Mot.* 4:17-18 (quoting *Sollberger v. Wachovia Securities, LLC*, No. SACV 09-0766 AG (ANx), 2010 WL 2674456, at *4 (C.D. Cal. Jun. 30, 2010)), 5:9-11; *see also Viacom Mot.* 10:7-11. The confusion and imprecision that results from shotgun pleading, Defendants argue, "unfairly limit[] defendants' and the court's ability to adjudicate (much less, understand) the issues before it" and "ma[ke] it impossible to discern the alleged misconduct of each party, as required." *BET Mot.* 4:20-22, 5:18-19. Defendants conclude that this "shotgun pleading" denies them the level of notice required by due process. *See BET Mot.* 5:25-27; *Viacom Mot.* 11:5-7.

Courts within and outside of this Circuit have commented on the inadequacy of shotgun pleading and the difficulties that result from its use. *See, e.g.*, *SEC v. Bardman*, 216 F. Supp. 3d 1041, 1051 (N.D. Cal. 2016) ("Such pleadings violate the particularity requirements of Rule 9(b)."); *Sollberger*, 2010 WL 2674456, at *4 (calling shotgun pleadings "unacceptable" because they "make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations"); *Anderson v. District Bd. of Trs. of Cent. Fla. Comm. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (referring to a "perfect example of 'shotgun' pleading . . . in that it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief"). Two particular forms of shotgun pleadings are heavily scrutinized. The first are those pleadings in which a plaintiff uses an omnibus term like "Defendants" to bundle together multiple defendants without identifying individual wrongdoing. *See, e.g.*, *Sollberger*, 2010 WL 2674456, at *4-5 ("This shotgun pleading style deprives Defendants of knowing exactly what they are accused of doing wrong."). The second are pleadings that "incorporate every antecedent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-3366 PSG (ASx) | Date | August 10, 2017 |
|---|---|---|---|
| Title | Mashariki v. Viacom Inc. et al. | | |

allegation by reference into each subsequent claim." *Bardman*, 216 F. Supp. 3d at 1051 (quoting *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006)).

Here, Defendants Viacom and BET argue that Plaintiff has engaged in both of these impermissible forms of shotgun pleading. Each will be considered in turn.

### i. Use of Omnibus Term

Defendants Viacom and BET attack Plaintiff's Complaint on the grounds that it "conflat[es] Viacom and BET (collectively referring to both as 'the Company')," which "has made it impossible to discern the alleged misconduct of each party, as required." *BET Mot.* 5:12-6:2; *see also Viacom Mot.* 4:23-5:23. The Court, however, is not convinced that Plaintiff's strategy in this regard provides inadequate notice to Defendants. Although Plaintiff does frequently use the omnibus term "Company" throughout the Complaint, the effect is not to lump together disparate defendants, but instead to indicate instances when Viacom and BET acted in concert or with an intermingling of responsibility. *See, e.g.*, *Compl.* ¶ 3 ("[T]he company unlawfully terminated Ms. Mashariki . . ."); *id.* ¶ 14 ("The Company then refused to return Ms. Mashariki to her position following her protected leave . . ."). When Plaintiff alleges facts pertaining to actions conducted by Viacom or BET exclusively, the omnibus term "Company" is not used. *See, e.g.*, *id.* ¶ 9 ("Within weeks of her first complaint, Viacom's HR department began to retaliate against Ms. Mashariki."); *id.* ¶ 12 (referring specifically to a "senior executive at BET").

At times, Plaintiff's conflation of Defendants Viacom and BET through the use of "Company" might be inappropriate—specifically, when it alleges conduct *not* attributable to both parties. For purposes of adequate pleading, however, the Court does not believe that the use of the term "Company" confuses the Defendants to such an extent that it becomes impossible to discern the alleged misconduct of each party.

### ii. Incorporation of Antecedent Allegations

Defendants Viacom and BET also argue that Plaintiff's Complaint fails to "demonstrate clarity regarding the interplay of factual allegations" because it "recites a collection of general allegations toward the beginning of the Complaint, and then each count incorporates every antecedent allegation by reference." *BET Mot.* 4:6-5:11 (quoting *Sollberger*, 2010 WL 2674456, at \*4) (internal citations and quotation marks omitted); *see also Viacom Mot.* 10:5-11:9. Defendants contend that "at a minimum, [Plaintiff] should be required to eliminate the imprecision and guesswork required by her present Complaint" by "provid[ing] sufficient notice

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-3366 PSG (ASx) | Date | August 10, 2017 |
|---|---|---|---|
| Title | Mashariki v. Viacom Inc. et al. | | |

of what facts she contends support her claims to each of the named Defendants." *BET Mot.* 5:25-6:2.

Defendants are correct that Plaintiff utilizes this incorporation strategy throughout the Complaint; the initial paragraph of each of her eighteen individual claims states: "Ms. Mashariki re-alleges and incorporates each and every allegation in this Complaint as if fully set forth herein." *See, e.g.*, *Compl.* ¶¶ 76, 85, 94, 104. However, several courts have noted that "a complaint does not employ impermissible shotgun pleading *just because* it re-alleges by reference all of the factual paragraphs preceding the claims for relief." *Bardman*, 216 F. Supp. 3d at 1051 (emphasis added). *See also Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1324 (11th Cir. 2015); *SEC v. Daifotis*, No. C 11-00137 WHA, 2011 WL 2183314, at *3 (N.D. Cal. Jun. 6, 2011). These courts note that a complaint should not be dismissed just because plaintiffs "set out all of their fact allegations and then follow such allegations with their legal claims." *Daifotis*, 2011 WL 2183314, at *3. Instead, criticism should be reserved for the situation "where a failure to more precisely parcel out and identify the facts relevant to each claim materially increased the burden of understanding the factual allegations underlying each count." *Weiland*, 792 F.3d at 1324.

Plaintiff's Complaint in this case does not fall within that scenario. Although Plaintiff chose to prepare a narrative catalogue of factual allegations before asserting specific claims, there is no indication that this format prevented Defendants from understanding the factual underpinnings of each claim. Indeed, Defendants' Motions each contain *specific* objections to individual claims, indicating that they were able to understand "what they were alleged to have done and why they were liable for doing it." *Id*. Furthermore, each of the eighteen claims in Plaintiff's Complaint contains specific factual allegations in addition to the incorporation of previous allegations. *See, e.g.*, *Compl.* ¶¶ 77, 86, 95-97, 105. Although relatively brief, these additional recitations of factual allegations provide sufficient notice to Defendants as to which facts support which legal claims.

Although Plaintiff's Complaint utilizes techniques that have in the past been criticized by courts and labeled "shotgun pleading," the Court concludes that Plaintiff provided Defendants with adequate notice of the claims against them and the factual allegations underlying each claim. Therefore, Plaintiff has satisfied her pleading requirements. Defendants' Motions to Dismiss all eighteen claims of the Complaint on the ground of inadequate pleading are therefore DENIED.

    B.    <u>Plaintiff's Defamation Claim against Defendants Viacom and BET</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-3366 PSG (ASx) | Date | August 10, 2017 |
|---|---|---|---|
| Title | Mashariki v. Viacom Inc. et al. | | |

Defendants Viacom and BET argue that Plaintiff has failed to plead a legally viable claim of defamation.[1] *See Viacom Mot.* 6:25-7:22; *BET Mot.* 6:26-13:7. This argument rests on two grounds: that Plaintiff failed to satisfy a prime facie case of defamation, and that Plaintiff, as a public figure, failed to plead actual malice.

        *i.*        *Legally Viable Claim of Defamation*

In her Opposition to Defendants' Motions to Dismiss, *see* Dkt. # 28 ("*BET & Viacom Opp.*"), Plaintiff identifies four actionable statements contained in her Complaint:

(1) A March 29, 2017 email statement by BET's CEO Debra Lee ("Additionally, Zola Mashariki, EVP, and Head of Original Programming, will also be departing the network."). *BET & Viacom Opp.* 15:26-16:2; *see also Compl.* ¶ 68.

(2) A public comment issued by the Company in response to press inquiries ("These claims misrepresent the facts and are without merit. We strongly deny any allegation of wrongdoing. In addition, we will not comment on specific employee matters."). *BET & Viacom Opp.* 16:2-16:7; *see also Compl.* ¶ 70.

(3) A statement by BET's Senior Vice President of Communications Tracy McGraw ("BET rep Tracy McGraw, who confirms that Mashariki is no longer with the network, insists that they did nothing wrong."). *BET & Viacom Opp.* 16:7-11; *see also Compl.* ¶ 71.

(4) A statement by a "network insider" as reported by Page Six ("[Ms. Mashariki] was terminated as a result of her own performance prior to taking medical leave. They then allowed her to keep her contract, so she was able to keep her salary and benefits after being diagnosed. She is definitely terminated."). *BET & Viacom Opp.* 16:12-16; *see also Compl.* ¶ 72.

In addition to these four statements, Plaintiff's Complaint also includes a fifth alleged statement not mentioned in her Opposition:

(5) A statement by a "senior BET executive" telling employees that Plaintiff was "faking" her condition. *Compl.* ¶ 57.[2]

---

[1] In addition to presenting its own arguments, Defendant Viacom "joins and incorporates by reference BET's authorities and arguments related to the defamation claim." *Viacom Mot.* 7 n. 5.

[2] Paragraph 207 contains a sixth allegedly defamatory statement. *Compl.* ¶ 207 ("Defendants Viacom and BET harmed Ms. Mashariki by falsely telling reporters that Ms. Mashariki's March 30, 2017 email to her team misrepresented the facts and were without merit.") However, it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-3366 PSG (ASx) | Date | August 10, 2017 |
|---|---|---|---|
| Title | Mashariki v. Viacom Inc. et al. | | |

Courts in this Circuit have generally required a higher degree of specificity and clarity for defamation allegations than is presented in Plaintiff's Complaint. *See, e.g.*, *Richardson v. HRHH Gaming Senior Mezz, LLC*, 99 F. Supp. 3d 1267, 1278 (D. Nev. 2015) ("Because Plaintiff fails to identify the persons that made the allegedly defamatory statements, who the statements were published to, and when the statements were made, the court is not able to reasonably infer that Defendant [] has defamed Plaintiff.") (internal quotation marks omitted); *PAI Corp. v. Integrated Sci. Solutions, Inc.*, No. C-06-5349 JSW (JCS), 2007 WL 1229329, at *9 (N.D. Cal. Apr. 25, 2007) ("[Plaintiffs] have set forth the substance of the alleged defamatory statements. However, they have failed to specifically identify who made the statements, when they were made and to whom they were made.") (citation omitted); *Jacobson v. Schwarzenegger*, 357 F. Supp. 2d 1198, 1216 (C.D. Cal. 2004) ("[A]lthough a plaintiff need not plead the allegedly defamatory statement verbatim, the allegedly defamatory statement must be specifically identified, and the plaintiff must plead the substance of the statement."). Such a level of specificity is not reached by Plaintiff's Complaint.

As a threshold matter, for example, an action for defamation requires a distinction between libel, which is "a false and unprivileged publication by *writing*," and slander, which is "a false and unprivileged publication, *orally* uttered." Cal. Civ. Code §§ 45, 46 (emphasis added). Of the five potentially actionable statements alleged in Plaintiff's Complaint, only one—statement (1), the emailed statement attributed to BET CEO Debra Lee—clearly states the method through which the statement was communicated. In addition, statements (2), (3), (4), and (5) lack sufficient detail and context to state a viable claim of defamation. In statements (2), (4), and (5), Plaintiff has not pleaded sufficient facts to determine who precisely made the alleged statements. *See Compl.* ¶¶ 57, 70, 72. With regards to statements (2), (3), (4), and (5), she has failed to describe the means by which the statements were made. *See Compl.* ¶¶ 57, 70-72. More information about the allegedly defamatory statements contained in paragraph 57 and paragraphs 70-72 is needed before the legal sufficiency of their respective defamation claims can be addressed. The Court will therefore GRANT WITH LEAVE TO AMEND Defendants' Motions to Dismiss claim 18 as to statements (2), (3), (4), and (5).

The court can, however, assess the potentially libelous email allegedly sent by BET's CEO Debra Lee ("the Lee Email"), for which Plaintiff pleaded the identity of the alleged speaker, the content of the alleged statement, and the method of the alleged communication. *See Compl.* ¶ 68.

---

seems clear that this refers to the same alleged statement contained in ¶ 70, and so it will not be considered separately.

Case 2:17-cv-03366-PSG-AS Document 46 Filed 08/10/17 Page 11 of 18 Page ID #:542

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-3366 PSG (ASx) | Date | August 10, 2017 |
|---|---|---|---|
| Title | Mashariki v. Viacom Inc. et al. | | |

"The tort of defamation involves (a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage." *Taus v. Loftus*, 40 Cal. 4th 683, 720 (2007) (citation omitted).

### a. Publication

"Publication means communication to some third person who understands the defamatory meaning of the statement and its application to the person to whom reference is made." *Smith v. Maldonado*, 72 Cal. App. 4th 637, 645 (1999). Because Plaintiff alleges that the Lee Email was sent "company-wide," *Compl.* ¶ 68, the publication element is satisfied.

### b. Falsity

"There can be no recovery for defamation without a falsehood." *Seelig v. Infinity Broad. Corp.*, 97 Cal. App. 4th 798, 809 (2002). Defendants Viacom and BET challenge whether the content of the Lee Email was false at the time the statement was made. *See BET Mot.* 9:19-10:17. They point to the fact that Plaintiff "admits she was told on February 28, 2017, that her employment was being terminated," and that therefore the Lee Email was accurate when sent on March 30. *Id.* 10:11-12. However, in Plaintiff's Complaint, she asserts that although "the Company *attempted* to terminate [her]" on February 28, she was not *actually* terminated until April 11. *Compl.* ¶¶ 63, 66 (emphasis added). Accepting Plaintiff's factual allegations as true, which the Court must do at this stage of the litigation, Plaintiff has adequately pleaded that the Lee Email was false at the time it was sent on March 30, and has therefore satisfied the falsity element.

### c. Defamation

Under California law, a libelous statement is, *inter alia*, a "publication . . . which has a tendency to injure [the plaintiff] in his occupation." Cal. Civ. Code § 45. Plaintiff alleges in her Complaint that the Lee Email was "publicized by numerous media outlets to the severe detriment of Ms. Mashariki's career." *Compl.* ¶ 68. Accepting this fact as true, in the light most favorable to Plaintiff, the Lee Email appears to have had a tendency to injure Plaintiff in her occupation and therefore satisfies this third element.

### d. Privilege

Defendants Viacom and BET argue that the Lee Email is "privileged under the common interest privilege" contained in California Civil Code § 47(c). *BET Mot.* 10 n. 4. Under § 47(c), a privileged publication is one made in "a communication, without malice, to a person interested

Case 2:17-cv-03366-PSG-AS Document 46 Filed 08/10/17 Page 12 of 18 Page ID #:543

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-3366 PSG (ASx) | Date | August 10, 2017 |
|---|---|---|---|
| Title | Mashariki v. Viacom Inc. et al. | | |

therein, (1) by one who is also interested, or (2) by one who stands in such a relation to the person interested as to afford a reasonable ground for supposing the motive for the communication to be innocent, or (3) who is requested by the person interested to give the information." Cal. Civ. Code § 47(c). The defendant in a defamation action, not the plaintiff, has "the initial burden of showing the allegedly defamatory statement was made on a privileged occasion, whereupon the burden shifts to the plaintiff to show the defendant made the statement with malice." *Family Home & Fin. Ctr., Inc. v. Federal Home Loan Mortg. Corp.*, 461 F. Supp. 2d 1188 (C.D. Cal. 2006) (quoting *Kashian v. Harriman*, 98 Cal. App. 4th 892, 915 (2002)). Other than noting that "Lee sent the email referenced in Paragraph to personnel of BET," *BET Mot.* 10 n. 4, and an assertion that BET's personnel are "interested parties," *BET Reply*, Dkt. # 42, 5:16-17, Defendants have not otherwise shown that the privilege applies. However, the Court need not address whether their burden has been satisfied, because the privilege only applies to "a communication, *without malice*." Cal. Civ. Code § 47(c) (emphasis added). Malice is defined under California law as "a state of mind arising from hatred or ill will, evidencing a willingness to vex, annoy or injure another person." *Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 736 (9th Cir. 1999) (quoting *Lundquist v. Reusser*, 7 Cal. 4th 1193, 1204 (1994)). Malice can also be established "by showing that defendants 'lacked reasonable grounds to believe the statement true and therefore acted with reckless disregard for plaintiff's rights.'" *Coastal Abstract Serv.*, 173 F.3d at 736 (quoting *Cuenca v. Safeway San Francisco Emps. Fed. Credit Union*, 180 Cal. App. 3d 985, 997 (1986)). As discussed below, *see* Part IV.B.ii, the Court finds that Plaintiff has demonstrated malice to a sufficient degree at this stage of the pleading. Therefore, the privilege does not apply.

    e.  Natural Tendency to Injure

  As discussed above in Part IV.B.i.c, Plaintiff has sufficiently alleged that the Lee Email caused "severe detriment" to Plaintiff's career, *Compl.* ¶ 68, and thus satisfies the fifth element that the statement have a natural tendency to injure Plaintiff.

    ii.  Malice

  Defendants Viacom and BET further argue that, even if Plaintiff's Complaint pleads a prima facie case of defamation, the claim nonetheless fails because Plaintiff, as either a public figure or a limited public figure, fails to demonstrate that Defendants acted with actual malice with regards to the Lee Email. *See BET Mot.* 10:18-13:7. Defendant BET's Motion to Dismiss, Plaintiff's Opposition, and Defendant BET's Reply expend much ink in debate over whether Plaintiff is a public figure, a limited public figure, or a private individual—a question of "mixed law and fact," *American Dental Ass'n v. Khorrami*, No. CV 02-3853-RSWL (RZx), 2006 WL 5105271, at *1 (C.D. Cal. Jun. 9, 2006), that is "often a close question which can only be

Case 2:17-cv-03366-PSG-AS Document 46 Filed 08/10/17 Page 13 of 18 Page ID #:544

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 17-3366 PSG (ASx) | Date | August 10, 2017 |
|---|---|---|---|
| Title | Mashariki v. Viacom Inc. et al. | | |

resolved by considering the totality of the circumstances which comprise each individual controversy." *Annette F. v. Sharon S.*, 119 Cal. App. 4th 1146, 1163 (2004) (quoting *Reader's Digest Ass'n, Inc. v. Superior Ct.*, 37 Cal. 3d 244, 255 (1984)). It is not necessary for the Court to address this thorny question at this time, however, because Plaintiff has sufficiently pleaded malice at this stage regardless of how she is ultimately classified.

For a public figure or limited public figure to prevail in a defamation action, she "must show that the defendant acted with 'actual malice'—that is, 'knowledge that [a statement] was false' or 'reckless disregard of whether it was false or not.'" *Flowers v. Carville*, 310 F.3d 1118, 1129 (9th Cir. 2002) (quoting *New York Times Co. v. Sullivan*, 376 U.S. 254, 280 (1964)). Ultimately, a plaintiff must show "by clear and convincing evidence that [a defendant] entertained serious doubts as to the truth of her statements." *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 270 (9th Cir. 2013) (internal quotation marks omitted). At the pleading stage, however, the Court accepts as true all factual allegations made in the Plaintiff's Complaint. This includes allegations of actual malice. *See, e.g.*, *Flowers*, 310 F.3d at 1130 ("This [defamation] case is before us on a motion to dismiss. We ask only whether the pleadings are sufficient, not whether the plaintiff could find evidence to support them.").

Here, with regards to the Lee Email, Plaintiff alleges that "Ms. Lee *falsely* claimed" that Plaintiff would be departing BET. *Compl.* ¶ 68. Accepting Plaintiff's allegations as true, and drawing all inferences in her favor, Plaintiff has sufficiently pleaded actual malice; specifically, the speaker's knowledge of the statement's falsity. Therefore, Defendant BET's Motion to Dismiss claim 18 as to statement (1) (the Lee Email) is DENIED.

### iii. Defendant Viacom's Liability

Defendant Viacom has separately challenged Plaintiff's defamation claim on the ground that none of the alleged statements were "attributed to anyone employed by Viacom." *Viacom Mot.* 7:15-22. Under California law, an employer may be held liable for defamatory statements made by its employees so long as the defamation occurred within the scope of employment. *See Rivera v. National R.R. Passenger Corp.*, 331 F.3d 1074, 1080 (9th Cir. 2003) (citing *Farmers Ins. Grp. v. County of Santa Clara*, 11 Cal. 4th 992, 1003 (1995)) ("As long as the statement was made within the scope of employment, the principal need not know about it and the statement need not have been made for the benefit of the principal."). Here, BET has not challenged whether the Lee Email was issued by a BET employee within the scope of her employment, and indeed, vicarious liability for BET can be inferred from Plaintiff's Complaint. However, Plaintiff has not demonstrated that the Lee Email can also be attributed to a *Viacom* employee

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-3366 PSG (ASx) | Date | August 10, 2017 |
|---|---|---|---|
| Title | Mashariki v. Viacom Inc. et al. | | |

within the scope of her employment.[1]  Absent any clear link between BET's CEO and Viacom, the Court determines the Viacom cannot be held liable for any defamatory statement contained in the Lee Email.  Therefore, Defendant Viacom's Motion to Dismiss claim 18 as to statement (1) (the Lee Email) is GRANTED WITH LEAVE TO AMEND.

    C.    <u>Plaintiff's Employment-Based and Contractual Claims against Defendant Viacom</u>

Defendant Viacom argues that Plaintiff's employment-based claims (specifically, claims 1-15 and claim 17) should be dismissed against Defendant Viacom because "BET—not Viacom—was Mashariki's employer." *Viacom Mot.* 3:1-4:22.  Furthermore, it argues that Plaintiff's claim for breach of the implied covenant of good faith and fair dealing (claim 16) should also be dismissed because Plaintiff fails to plead "that Viacom was a party" to Plaintiff's employment contract with BET.  *Id.* 6:10-24.

    *i.*    *Employment-Based Claims*

Plaintiff asserts claims against Defendant Viacom on the basis of various federal and California statutes, as well as a claim of wrongful discharge in violation of public policy (claim 17).  These statutes include Title VII (claims 1-4), FMLA (claims 5-6), the federal Equal Pay Act (claim 7), FEHA (claims 8-12), CFRA (claims 13-14), and the California Equal Pay Act (claim 15).  *See generally Compl.*  Defendant Viacom correctly notes that each of these claims requires that the party against whom action is taken be the plaintiff's "employer."  *See Viacom Mot.* 3:4-4:17 (citing the relevant statutory language).

The Court finds that Plaintiff has pleaded sufficient facts to indicate that Defendant Viacom acted as her employer.  In addition to the contractual relationship discussed below, *see* Part IV.C.ii, Plaintiff's allegations raise a plausible inference of an employer-employee relationship under the tests that courts have established for the various statutes included in the Complaint.

Under Title VII, for example, a parent corporation can be liable for the Title VII violations of its wholly owned subsidiary when the parent corporation "participated extensively in, and influenced, the employment policies and practices of the subsidiary." *Association of Mexican-Am. Educators v. California*, 231 F.3d 572, 582 (9th Cir. 2000) (internal citation and quotation marks omitted). Here, BET is a wholly-owned subsidiary of Viacom, *see Compl.* ¶ 19, and Plaintiff has alleged that Viacom's HR and legal departments exercised control over BET's

---

[1] Although whether Viacom can be considered *Plaintiff's* employer is discussed below, *see* Part IV.C.i, Plaintiff has not provided a sufficient factual basis to conclude whether Viacom can also be considered *Lee's* employer.

Case 2:17-cv-03366-PSG-AS   Document 46   Filed 08/10/17   Page 15 of 18   Page ID #:546

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-3366 PSG (ASx) | Date | August 10, 2017 |
|---|---|---|---|
| Title | Mashariki v. Viacom Inc. et al. | | |

employment practices. *See, e.g.*, *id.* ¶¶ 51, 54, 60. Although the Ninth Circuit has held that "special circumstances" must be present for a parent corporation to be liable for its subsidiary's Title VII violations, *Watson v. Gulf & W. Indus.*, 650 F.2d 990, 993 (9th Cir. 1981), courts in this Circuit have permitted a plaintiff's case to survive a motion to dismiss when, as here, there is a "reasonable inference" of a parent corporation's active involvement in employment policies. *Lorona v. Arizona Summit Law Sch., LLC*, 151 F. Supp. 3d 978, 986 (D. Ariz. 2015); *see also EEOC v. Creative Networks, LLC*, No. CV 05-3032-PHX-SMM, 2006 WL 3834286, at *4 (D. Ariz. Dec. 29, 2006) ("[N]either *Watson* nor its progeny require the plaintiff in a civil rights action to affirmatively allege that . . . the parent participated in or influenced the employment policies of the subsidiary.") (internal quotation marks omitted).

The definition of "employer" under the other two federal statutes is even broader. The Ninth Circuit has held that "the definition of employer under the [Fair Labor Standards Act]"—which the federal Equal Pay Act amended—"is not limited by the common-law concept of employer, but is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes." *Lambert v. Ackerley*, 180 F.3d 997, 1011-12 (9th Cir. 1999). Courts have held that that same definition also applies to FMLA. *See, e.g.*, *Mercer v. Borden*, 11 F. Supp. 2d 1190, 1191 (C.D. Cal. 1998).[1] The relationship between Defendant Viacom and Plaintiff as alleged in the Complaint creates a plausible inference that an employer-employee relationship existed under this expansive definition.

The definition of "employer" under FEHA includes "joint employers," multiple entities that exercise control over an employee. *Henry v. Pro\*Act, LLC*, No. CV 13-8821 DMG (MRWx), 2014 WL 12567144, at *9 (C.D. Cal. Dec. 30, 2014). Factors considered by courts in determining the existence of joint employment include whether the joint employer made employment decisions, whether the joint employer signed employment documents, and whether the joint employer issued rules and policies relating to the plaintiff's employment. *See MacKinnon v. Logitech, Inc.*, No. 15-cv-05231-TEH, 2016 WL 2897661, at *5 (N.D. Cal. May 18, 2016); *see also Henry*, 2014 WL 12567144, at *10. Here, Viacom's HR department oversaw Plaintiff's employment, *see Compl.* ¶¶ 51, 54, and a Viacom executive signed Plaintiff's Employment Agreement. *See Plaintiff's RJN*, Dkt. # 31, Ex. 1, 16. These factors create a fair inference that Viacom was Plaintiff's joint employer. At any rate, courts in this Circuit that have applied California law to employment issues have determined that, "[d]ue to the factually intense nature of the inquiry, the Court cannot and should not make the determination of whether [defendant] qualifies as an 'employer' on a motion to dismiss." *Nepomuceno v. Cherokee Med. Servs., LLC*, No. 13cv633 BTM(BGS), 2013 WL 5670960, at *4 (S.D. Cal. Oct. 16, 2013).

---

[1] This same definition also applies to CFRA. *See Liu v. Amway Corp.*, 347 F.3d 1125, 1132 n. 4 (9th Cir. 2003).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-3366 PSG (ASx) | Date | August 10, 2017 |
|---|---|---|---|
| Title | Mashariki v. Viacom Inc. et al. | | |

Plaintiff's Complaint contains sufficient factual allegations that, taken as true, create a reasonable inference that Defendant Viacom served either as her employer or as a joint employer. Defendant Viacom's Motion to Dismiss with regards to claims 1-15 and claim 17 is therefore DENIED.

   ii.  *Contractual Claim*

Defendant Viacom contends that it cannot be held liable for breach of the implied covenant of good faith and fair dealing because it was not a party to Plaintiff's employment contract with BET. Defendant Viacom is correct that a defendant must be a party to a contract in order to be held liable for breaching the implied covenant. *See, e.g.*, *Digerati Holdings, LLC v. Young Money Entm't, LLC*, 194 Cal. App. 4th 873, 885 (2011) ("Every contract contains an implied covenant of good faith and fair dealing providing that no *party* to the contract will do anything that would deprive another party of the benefits of the contract.") (emphasis added). However, Viacom's Executive Vice President for Human Resources and Administration signed Plaintiff's Employment Agreement with BET. *See Plaintiff's RJN*, Dkt. # 31, Ex. 1, 16. Because a corporate officer may have express or ostensible authority to enter into an agreement on behalf of the corporation, *see Snukal v. Flightways Mfg., Inc.*, 23 Cal. 4th 754, 779 (2000), the Court must draw this inference in favor of Plaintiff and conclude that Defendant Viacom was a party to the contract and therefore potentially liable for a breach of the implied covenant of good faith and fair dealing. Defendant Viacom's Motion to Dismiss Plaintiff's sixteenth claim is therefore DENIED.

  D.  <u>Plaintiff's Title VII Hostile Work Environment and FEHA Gender Discrimination Claims against Defendant Hill</u>

Defendant Hill moves to dismiss Plaintiff's second claim (hostile work environment in violation of Title VII) and eighth claim (gender discrimination in violation of FEHA) on the ground that he cannot be held individually liable under these statutes as a matter of law. *See Hill Mot.* 1:8-21. Plaintiff agrees in her Opposition that these claims should be dismissed as to Defendant Hill. *See Plaintiff's Opp. To Hill's Mot.*, Dkt. # 38, 2 n. 1. Defendant Hill's Motion to Dismiss claims 2 and 8 against Defendant Hill is therefore GRANTED WITHOUT LEAVE TO AMEND.

  E.  <u>Plaintiff's FEHA Hostile Work Environment Claim against Defendant Hill</u>

Defendant Hill also moves to dismiss Plaintiff's ninth claim for hostile work environment in violation of FEHA on the ground that she failed to state a plausible claim. *See Hill Mot.* 1:22-25.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-3366 PSG (ASx) | Date | August 10, 2017 |
|---|---|---|---|
| Title | Mashariki v. Viacom Inc. et al. | | |

     Under FEHA, "[a]n employee . . . is personally liable for any harassment that is perpetrated by the employee." Cal. Gov't Code § 12940(j)(3); *see also Clark v. Kmart Corp.*, No. 2:10-cv-04047-JHN-PJWx, 2010 WL 4235852, at *2 (C.D. Cal. Oct. 18, 2010). This liability extends not only to perpetrating employees, but also to "individual supervisory employees . . . for personal conduct constituting harassment." *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 62 (1996). Plaintiff's Complaint contains a litany of allegations leveled specifically at Defendant Hill for workplace misconduct. These include allegations that he targeted women of color and harassed Plaintiff to damage her career prospects, *Compl.* ¶ 7; that he disrupted meetings led by Plaintiff and empowered her male subordinates to contradict her instructions and requests, *id.* ¶ 31; that he excluded female employees, including Plaintiff, from meetings, *id.* ¶ 32; and that he "verbally attacked and threatened" Plaintiff, *id.* ¶ 39. Federal courts applying FEHA have found that even a *single* allegation can support a valid claim for harassment at the pleading stage. *See Benton v. New Albertson's, Inc.*, No. CV 08-3365 CAS (AJWx), 2008 WL 11340296, at *3 (C.D. Cal. Jul. 24, 2008). Taking the Complaint's factual allegations as true, Plaintiff has pleaded more than enough specific instances of harassment to state a plausible claim under FEHA.

     Like Defendants Viacom and BET, Defendant Hill asserts that Plaintiff's incorporation of every antecedent factual allegation into each successive claim denies him the notice required under federal pleading standards. *See Hill Reply*, Dkt. # 41, 3:3-21. However, for the reasons discussed above, *see* Part IV.a.ii, the Court finds this argument unpersuasive. Defendant Hill is repeatedly referenced by name and specifics acts throughout the Complaint's factual allegations. The Court simply cannot accept that Plaintiff failed to provide Defendant Hill with notice of the allegations against him.

     Defendant Hill's Motion to Dismiss Plaintiff's ninth claim against Defendant Hill is therefore DENIED.

V.    <u>Conclusion</u>

     Having considered the moving, opposing, and reply papers filed by the Plaintiff and Defendants in this case, the Court concludes as follows:

     First, the argument made by Defendants Viacom and BET that Plaintiff's Complaint constituted impermissible "shotgun pleading" is unpersuasive because the Complaint provided sufficient notice of the allegations leveled against each Defendant. Therefore, Defendant Viacom's and Defendant BET's Motions to Dismiss all of Plaintiff's eighteen claims are therefore DENIED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-3366 PSG (ASx) | Date | August 10, 2017 |
|---|---|---|---|
| Title | Mashariki v. Viacom Inc. et al. | | |

Second, because Plaintiff failed to allege sufficient facts to support defamation claims with regards to four of the five actionable statements included in the Complaint, Defendant Viacom's and Defendant BET's Motions to Dismiss claim 18 as to statements (2), (3), (4), and (5) are GRANTED WITH LEAVE TO AMEND. Because Plaintiff established a prima facie case of defamation and actual malice as to statement (1) (the Lee Email), Defendant BET's Motion to Dismiss claim 18 against BET as to statement (1) is DENIED. However, because Plaintiff did not allege that the Lee Email was sent within the scope of an employment relationship with Viacom, Defendant Viacom's Motion to Dismiss claim 18 against Viacom as to statement (1) is GRANTED WITH LEAVE TO AMEND.

Third, Defendant Viacom's arguments that Plaintiff's employment-based and contractual claims against it must be dismissed because it was not Plaintiff's employer and did not have a contractual relationship with Plaintiff are not persuasive. Plaintiff has sufficiently alleged that Viacom was a party to the contract and that it can be considered an employer under the relevant statutes. Therefore, Defendant Viacom's Motion to Dismiss claims 1-17 against Viacom is DENIED.

Fourth, Plaintiff agrees that claims 2 and 8 as applied to Defendant Hill should be dismissed. Therefore, Defendant Hill's Motion to Dismiss claims 2 and 8 against Hill is GRANTED WITHOUT LEAVE TO AMEND.

Fifth, Plaintiff has pleaded sufficient facts to establish a plausible claim against Defendant Hill for hostile work environment under FEHA. Therefore, Defendant Hill's Motion to Dismiss claim 9 against Hill is DENIED.

To the extent that claims are granted with leave to amend, Plaintiff must file an amended complaint by September 14, 2017.

**IT IS SO ORDERED.**